John J. Lamb, *Petitioner*, v. W. T. Harris, Judge of the Circuit Court for the Eighteenth Judicial Circuit of Florida, in and for Manatee County, *Respondent*.

En Banc.

Opinion Filed May 15, 1926.

*Palmer, Dickenson & Shurley,* for Plaintiff in Error;

*J. B. Johnson,* Attorney General, *H. E. Carter,* Assistant Attorney General, *Chas. B. Parkhill,* State Attorney, *O. K. Reaves* and *Herbert S. Phillips,* for Respondent.

STATEMENT.—The petitioner, John L. Lamb, was on March 27, 1925, convicted of murder in the first degree with recommendation to mercy, in the Circuit Court of Manatee County, over which Hon. W. T. Harrison, the Judge of the Circuit Court for the Eighteenth Judicial Circuit of Florida, in and for said Manatee County, was

presiding, and was, pursuant to the statute, sentenced to life imprisonment. Writ of error was taken from said judgment to this court, and the judgment of conviction was affirmed at the preceding term of this court and motion for rehearing was denied on February 10, 1926, at the present term. Lamb v. The State, 107 So. 530. On February 16, 1926, at the present term, and before the mandate of this court had been transmitted to the trial court, Lamb presented here a petition sworn to by himself and his counsel, praying that he be granted "the right and privilege of applying to the Hon. W. T. Harrison, Judge of the Circuit Court of Manatee County, Florida, before whom he was tried and convicted, for a writ of error *coram nobis.*" The grounds of this petition and the reasons for granting the same, together with a statement of the function and scope of such writ of error *coram nobis,* are set forth in the opinion of this court rendered March 1, 1926, and an order was made permitting the petitioner to make "due and proper application to the Judge of the Circuit Court for Manatee County, Florida, praying for the granting of a writ of error *coram nobis* addressed to the judgment of conviction," which had been affirmed; and the execution of the mandate from this court, which was transmitted to the trial court on the same day said order was rendered, was stayed for twenty days, during which time the said John J. Lamb was permitted, upon five days' notice to the proper legal representatives of the State, to make the application therein authorized, "upon a due and adequate showing for the granting of a writ of error *coram nobis* in the premises." See Lamb v. The State, 107 So. 535.

On April 30th, 1926, said John J. Lamb filed here a petition for the issuance of an alternative writ of mandamus, directed to said Circuit Judge W. T. Harrison, directing him to hear and determine such application, or show cause

for his refusal so to do, the petitioner alleging that within the twenty days allowed he had filed in the Circuit Court of Manatee County, his application for a writ of error *coram nobis,* and presented the same to said W. T. Harrison, Judge of said Circuit Court, and thereafter he had filed in said cause and presented to said Circuit Judge his and the required supporting affidavits of the disqualification of said Circuit Judge to hear and determine said matter, and thereupon the said Circuit Judge had made and entered an order to the effect that he was disqualified and could proceed no further in said cause. That he then made application to the Governor to send a Judge to hear and determine said cause, which the Governor declined to do upon being advised that the Hon. W. T. Harrison was the proper Judge to hear and determine said matter; that thereupon petitioner, after giving notice to counsel for the State, applied to Hon. W. T. Harrison, the Judge of said Circuit Court, to hear and determine said matter and filed his written withdrawal and abandonment of the affidavits of disqualification above referred to, and moved the court for an order vacating the order of disqualification; that upon presenting said application and motion to withdraw said disqualifying affidavits, the said Circuit Judge did refuse to consider the same and endorsed thereon his order refusing to proceed further in said cause.

The alternative writ of manadamus prayed for was issued by this court and the respondent Circuit Judge filed his *return* within the time prescribed, in which he *specifically denied* that the petitioner ever made application before the respondent for a writ of error *coram nobis* within the twenty days from March 1, 1926, but filed said application in said Circuit Court on March 13, 1926, the same being addressed ''To the Honorable Judge of the said Court appointed to act in lieu of Honorable W. T. Harrison, dis-

qualified,'' and on the same date gave notice to the representatives of the State that application would be made on March 18, 1926, at Bradenton, Florida, ''to the Circuit Judge who might be assigned to said Manatee County and said Circuit for the purpose of hearing a certain application for a writ of error *coram nobis* on behalf of petitioner.'' That before this, on March 10, 1926, the petitioner filed with the Clerk and presented to respondent purported affidavits of disqualification, and that instead of making aplication to the respondent on said March 18th, for a writ of error *coram nobis,* the petitioner by his attorneys, contended and urged before the respondent that because of the allegations in said affidavits, the respondent was disqualified to hear said application; that respondent upon hearing and considering said original affidavits, based in the main on respondent's refusal of bail, and upon the respondent's rulings during the trial and on the motion for new trial, which rulings had been affirmed by this court, determined that he was not disqualified and set the application down for hearing before him at Bradenton at 10:00 A. M. March 19th; that when said application same on to be heard before the respondent on said 19th of March, the petitioner, by his attorneys, instead of presenting the application for a writ of error *coram nobis,* contented themselves with filing an additional affidavit setting forth additional grounds and reasons for the disqualification of the respondent, charging prejudice because of hard feeling between the respective families of the petitioner and the respondent because of certain differences arising some four or five years previously between a brother of the petitioner of the respondent, upon consideration of which respondent made and entered an order determining that he was disqualified to consider the application or to make any further orders in said matter. Copies of all these affidavits

further orders in said matter. Copies of all these affidavits are attached as exhibits to the return. The respondent further answered that the petitioner, on April 29, 1926, had filed with the Clerk of said Court a motion seeking to withdraw the affidavits of disqualification and for respondent to proceed, hear and determine the same, whereupon respondent declined to make any further or other order in the matter; that the respondent was in no wise responsible for the acts of petitioner and his attorneys for disqualifying the respondent and failing to make application to the respondent for such writ of error *coram nobis* as authorized by, and within the time allowed by this court. The respondent also says that, independent of said order of disqualification, inasmuch as said period of twenty days allowed by this court had expired, he had no further jurisdiction in the matter. Copies of all the papers referred to in the return, including the application for writ of error *coram nobis* and the order of disqualification made by Judge Harrison on March 19th, are attached thereto. The said order of disqualification begins by reciting that "the foregoing cause coming on to be further heard upon application for a writ of error *coram nobis,* and the defendant by his attorneys having presented and filed on this day an additional affidavit as to the qualification of the court," etc.

The matter is now before this court on motion of petitioner for the granting of the peremptory writ, made orally before the court, upon oral argment, on the return day of the alternative writ.

BROWN, C. J., (After stating the facts).

When the court by its order of March 1st extended to petitioner the *privilege* of making due and *proper application* for writ of error *coram nobis* within twenty days, and

stayed the execution of the mandate for that period, a privilege which this court had the power to accord to the petition, but one which it was not legally compelled to extend, the language of the order limited the privilege, so far as concerned the judge to whom the application could be made, to "the judge of the Circuit Court for Manatee County, Fla.," whom the court judically knew to have been Hon. W. T. Harrison, Judge of the Circuit Court of the Eighteenth Judical Circuit of Florida, in which Manatee County is located. That this was and is the only proper construction of such order is rendered all the more certain by the language of the petition upon which said order was based, and which specifically prayed this court to grant to the petitioner "the right and privilege of applying to the Hon. W. T. Harrison, Judge of the Circuit Court of Manatee County, Fla., before whom he was tried and convicted, for a writ of error *coram nobis*." It will be observed that the petition did not ask, nor the order grant, that the application be made to the Circuit Court of Manatee County. The words "court" and "judge" are not synonymous or convertible terms in the sense used in the petition and order. 15 C. J. 717.

Did the petitioner "apply" to Judge Harrison, within the twenty days, for writ of error *coram nobis?* We think not. It is true there is a recital in the order of disqualification to the effect that "the foregoing cause coming on to be further heard upon application for a writ of error *coram nobis,* and the defendant by his attorneys having presented and filed on this day an additional affidavit as to the qualification of the court," etc., but in his return, the truth of which is admitted by the motion, Judge Harrison specifically denies that the petitioner ever made application before him for such writ within the twenty days. The return shows that on March 10, 1926, before the application was

filed with the clerk, the petitioner filed affidavits alleging the disqualification of Judge Harrison, and the application for the writ of *coram nobis,* which was filed with the clerk of the court on March 13th, was not addressed to Judge Harrison, but ''To the Honorable Judge of the said court appointed to act in lieu of Honorable W. T. Harrison,. disqualified.'' Then petitioner gave notice to counsel for the State that on March 18th, application would be made ''to the Circuit Judge who might be assigned to said Manatee County for the purpose of hearing a certain application for writ of error *coram nobis* on behalf of petitioner.'' The return further shows that on the hearings on both March 18th and March 19th the petitioner, by his attorneys, instead of making application to the respondent for a writ of error *coram nobis,* presented to the respondent and urged the respective affidavits of disqualification, and upon the presentation of the last affidavit, on March 19th, the judge entered the order of disqualification. Under the terms of the order of this court, it is not the question as to whether the application was *presented* to Judge Harrison, but whether the petitioner *made application to him to issue the writ* within the time allowed. To ''make application to'' necessarily implies requesting the judge to *hear and determine.* So it seems clear that without making application to the judge pointed out in the order of this court within the twenty days, petitioner took steps to disqualify such judge and endeavored to prevent him from hearing and acting upon the application, and finally succeeded in securing from him an order disqualifying himself to proceed further in the matter; hence there was no ''making of a due and proper application to the judge of the Circuit Court for Manatee County, Florida,'' as contemplated by the language of the order. No application was made to this court within the twenty days to so modify its

order as to permit the making of the application to any other judge who might be assigned to said Circuit Court for Manatee County to hear and determine the same, if such were possible, which it is not necessary now to decide. But an application was made, after the expiration of twenty days, to this court to designate some other Circuit Judge to hear and determine said matter, or grant petitioner the right to present said application to some other Circuit Judge who was qualified to hear and determine the same. This application was denied, having been filed too late, the mandate having gone into full force and effect, and also for the reason that this court had no power to assign or designate some other Judge to sit in Judge Harrison's stead as Judge of the Circuit Court for Manatee County, or to grant to petitioner the right to present the application to the judge of some other circuit, as we had already pointed out in the opinion above referred to—that the application for such a writ could only be made and considered in the court in which the action was tried. Nor was it until some weeks after the expiration of the twenty-day period, when the mandate of this court had gone into full effect, that petitioner withdrew and abandoned his affidavits and motion to disqualify Judge Harrison and endeavored to have him take action upon the application. Entirely aside from the question as to whether there was sufficient basis for the former holding of the judge as to his disqualification, this application came too late. The time allowed by this court had expired, and the mandate of this court affirming the judgment of conviction and sentence of the court below had gone into full force and effect. The judgment of the court below had also become the judgment of this court, and hence beyond the power of the circuit judge to set aside had he endeavored to grant the application. Lamb v. State, 107 So. 535, 539-40, and cases cited.

Did petitioner comply with the permission granted by the order of this court as to making "due and proper application?" The very narrow scope of this writ of error *coram nobis*, and the issuable facts which could properly be.alleged in the application for a writ of this character, as a basis for the issuance of such writ, were carefully pointed out in the opinion rendered at the time said order of this court was made. Did the application measure up to the requirements set forth in such opinion? For the reasons hereinafter pointed out, we find that this question must also be answered in the negative.

In addition to the foregoing, the return, as above stated, specifically denies that the petitioner ever made application to the respondent for writ of error *coram nobis* within twenty days. The motion for the peremptory writ is the equivalent of and operates as a demurrer to the return and hence amounts to an admission of the truth of the facts therein alleged, but claims that in law it presents no reason why the writ should not be made peremptory. 38 C. J. 899. The sufficiency of the return is raised by the motion for the peremptory writ. State v. Atlantic Coast Line R. Co., 61 Fla. 799, 54 So. 900; State v. Haskill, 72 Fla. 176, 72 So. 651. Under this rule, the allegations of the return being manifestly sufficient, the motion for the peremptory writ would have to be denied.

Mandamus will not issue to enforce a right which is conditional or incomplete by reason of conditions precedent which have not been or which are still to be performed by the petitioner. 26 Cyc. 154.

Nor will the peremptory writ issue when it would be unavailing, or useless, or when compliance with it would be nugatory in its effects, or without beneficial results and fruitless to the petitioner or relator. State v. Inspectors of Election, 17 Fla. 26; State v. Marion County, 27 Fla. 438, 8 So. 749; State v. McRae, 49 Fla. 389, 38 So. 605; Howell

v. State, 54 Fla. 199, 45 So. 453; Bishoff v. State, 30 So. 808, 43 Fla. 67; 38 C. J. 614.

Applying these principles to the instant matter careful examination and analysis of the application for the writ of *coram nobis* with accompanying affidavits, a certified copy of which is attached to the respondent's return, shows that the same is based upon newly discovered evidence, going to the merits of the issue tried in the case in the court below, which trial resulted in the judgment assailed by the application for the writ. That this remedy cannot be invoked on such .grounds was pointed out in the opinion of this court, written by Mr. JUSTICE WHITFIELD, when the court had under consideration the petition for permission to apply for the writ. Lamb v. State, 107 So. 535. It was there said: ''The remedy cannot be invoked on the ground that an important witness testified falsely about a material issue in the case; nor can newly discovered evidence, going to the merits of the issue tried, be used as a basis for the writ.'' Nor can the writ be used ''to contradict an adjudicated fact.'' It follows that if the facts alleged in the application were fully proven, no basis for the issuance of the writ of error *coram nobis* would be established, and therefore in such a case it would be the duty of the judge to deny the application without taking testimony, the application itself being insufficient.

For the reasons above stated, the motion for the issuance of the peremptory writ of mandamus must be denied and the alternative writ dismissed.

WHITFIELD, ELLIS AND TERRELL, J. J., concur.

BUFORD, J., disqualified.