This is a petition praying that the mandate of this court affirming the judgment of the court below and transmitted to the Circuit Court of Duval County on the 17th day of January, 1924, and filed in said court on January 18th, 1924, be recalled from the trial court and the cause reinstated on the docket of this court, and that petitioner be given permission upon return of the mandate of this court, to make due and proper application to the judge of said Circuit Court in which the judgment of conviction was rendered, within a time and upon terms to be fixed by this court, praying for the granting of a writ of error coram nobis addressed to the said judgment of conviction of murder in the first degree in the case of The State of Florida v. the petitioner.
Before going into the questions as to whether the alleged grounds upon which the petitioner proposes to pray the *Page 742 
lower court to issue the writ of error coram nobis, are sufficient in law to authorize this court to grant petitioner permission to make such application, we will first consider the question as to the power of this court to now act in the premises.
In Nickels case, 86 Fla. 208, 98 So. 502, the writ of error was taken to a final order made by the Circuit Judge denying a writ of error coram nobis, which order was affirmed by this court and motion for rehearing denied and mandate sent down. During the same term the court recalled such mandate, in order that the cause might be reinstated on the docket of this court and that a rehearing might be granted upon the question raised. This action was taken under the general power vested in courts to control orders and judgments rendered during the term at which such control is exercised.
In the case of Lamb v. The State, 107 So. 535, the petition was presented to this court while it still had jurisdiction of the cause, the mandate of this court having not at that time been transmitted to the trial court, and this court gave permission to the petitioner to make due and proper application to the judge of the circuit court in which he had been tried and convicted, for the granting of a writ of error coram nobis
addressed to the judgment of conviction, such application to be made within twenty days, during which period of twenty days, the execution of the mandate from this court, which was ordered transmitted to the trial court, was stayed. Later and during the same term an application was made to this court for mandamus to be directed to the judge of the lower court to act upon said petition for writ of error coram nobis. It appearing that proper application had not been made within the period of twenty days, this court held that mandamus would not issue to said judge to hear and act upon said *Page 743 
petition after the expiration of the twenty day period, as the time allowed by this court had expired and the mandate of this court affirming the judgment of conviction had gone into full force and effect; that the judgment of the trial court had, therefore, become the judgment of this court, and hence beyond the power of the circuit court to set aside. See Lamb v. Harrison, Circuit Judge, 108 So. 671.
In the case first cited, Lamb v. The State, 107 So. 535, this court said, "An application for a writ of error coram nobis
must be made within the time allowed by statute for taking any writ of error;" but where (as in this State) there is no such limitation in writs of error in criminal cases, there is none as to writs of error coram nobis. Citing authorities.) * * *
"Where a judgment of conviction of a crime has been affirmed on writ of error, the trial court cannot then grant a writ of error coram nobis, for the affirmed judgment is also the judgment of the appellate court, and the lower court is without power to review the judgment or to impair its validity or effect. (Citing authorities.) * * * But if leave to issue the writ should be granted by the appellate court that affirmed the judgment, the trial court may grant a writ of error coram nobis
upon a sufficient showing duly made.
"After the affirmance of a judgment of conviction taken to the Supreme Court by a writ of error, the trial court is without authority to consider an application for a writ of error coram nobis, unless permission is duly given by the appellate court that affirmed the judgment. * * * If the writ is granted, a trial is had in due course of law on the issue made as to the existence of the particular facts; and if found for the plaintiff in the writ, the court determines whether such facts are sufficient to cause the *Page 744 
judgment of conviction to be vacated; but the judgment of conviction is not set aside or affected unless and until a valid judgment for the plaintiff in the writ of error coramnobis is rendered in due course of legal procedure. If the writ is denied, the petitioner may take a writ of error in due course. Should a final judgment against the defendant be rendered at the trial on the writ of error coram nobis, he may take a writ of error to the appellate court to review the judgment. As the law now stands, if the trial court erroneously grants a writ of coram nobis the State has no right to an appellate review of such order."
Even if this court had the power to grant permission to the petitioner to make application to the trial court for a writ of error coram nobis, under the facts of this case, it could not recall the mandate sent down from this court to the trial court in January, 1924, and reinstate the cause on the docket of this court, long after the term of this court at which the mandate to the lower court was transmitted, has expired. As was said by this court in Trustees Internal Improvement Fund v. Bailey,10 Fla. 238, on pages 257-8, "Let us return to the motion to docket the cause. To docket the cause would imply there was such a cause in Court, and to entertain a rehearing would be a farce, unless the judgment entered on the 19th of April, 1862, (about one year and eight months ago), was vacated or recalled."
"In cases where application is made under the rule of Court, the judgment of the Court is not enrolled until the application is disposed of. In this case, the application was denied and judgment enrolled. The term of Court in which said judgment was entered has long since passed, and the question arises, Can this Court recall or vacate said judgment? If this can be done now, it can be done twenty years from this time, and there is no telling *Page 745 
when litigation would cease. The exercise of such a power, if it existed at all, would be the most uprooting and dangerous act ever exercised by any Court. No such power, however, exists. The judgment of this Court during the term in which it is pronounced, like any other order, may be vacated, corrected and changed. But after it is enrolled and the term passed at which it was pronounced, the power of the Court over the record ceases and the judgment possesses a solemnity and sanctity which holds it sacred, and cannot be even appealed from, much less recalled." Citing Horn's Executors v. Gartman, 1 Fla. 197; Bobb v. Bobb, 2 A. K. Marshall, 240. See also Forcheimer v. Tarble, 23 Fla. 99, 1 So. 695.
The prevailing rule is that an appellate court is without power to recall a mandate regularly issued without inadvertence and resume jurisdiction of the cause after the expiration of the term at which its judgment was rendered and the mandate issued. 24 C. J., pages 1245, 1246. It also appears to be a rule, sustained by an overwhelming weight of authority, that a judgment rendered by an appellate court can not be vacated or amended by such court after the expiration of the term at which it was rendered, except for the purpose of correcting clerical error and mistake, or perhaps where shown for some reason to be absolutely void. 24 C. J. 1247, 1248, and cases cited. This is in keeping with the sound principle of jurisprudence that some time, somewhere within reasonable limits, there must be an end to litigation.
In the case of Merchants' National Bank v. Grunthal, 39 Fla. 388, 22 So. 685, an effort was made at a subsequent term, on a second application for rehearing, to have this court grant a rehearing and in connection therewith issue acertiorari to the lower court to send up the record of certain papers which had not been properly exhibited by the *Page 746 
transcript upon which the original action of the court had been taken. This application was denied and this court held, speaking through Mr. Chief Justice TAYLOR, that when the mandate of this court has been regularly issued and transmitted to and filed in the court whose judgment it has reviewed, this court has no further jurisdiction over the case to grant a rehearing or other relief therein, citing a large number of cases in support of such ruling. We find no case where this court has ever gone to the extent of recalling a mandate and assuming jurisdiction of a case after the expiration of the term at which the judgment was rendered and the mandate had gone down to the lower court, in regular course after the time for the filing of a petition for rehearing had expired. While this court, of course, retains the power to make such orders as are necessary to protect the jurisdiction which it has exercised or may be exercising in any cause, and to see that the judgment which it has rendered, or may be called upon to render, is given full force and effect, (see Article V, Sec. 5, Constitution of 1885) its jurisdiction over a cause decided by it and duly returned after the time for rehearing has expired with its mandate to the lower court, ends at least with the term at which such judgment was rendered, except as to the power to make correction of clerical errors or inadvertences or to recall a mandate sent down by inadvertence, or to vacate a judgment void on its face, which exceptions to the general rule are recognized in most jurisdictions. It is not necessary for us now to determine the question as to whether or not the jurisdiction of this court ends before the expiration of the term, at the time the mandate is lodged in the lower court, the time for rehearing having expired. The question with which we are concerned here is whether or not this court should attempt to recall its mandate and reassume jurisdiction of a cause *Page 747 
long after the expiration of the term. That it should not, and cannot, do so, is a principle not only recognized by our own former decisions, but by the great weight of authority in this country. In addition to the cases cited in 4 C. J., pages 1244 to 1248, above referred to, we call attention to the well considered case of Ott v. Boring, 131 Wis. 472, 11 Anno. Cas. 857, and not on pages 865 to 870. See also Lovett v. State,29 Fla. 384, 11 So. 176; Brown v. State, 29 Fla. 494, 11 So. 181.
However, this does not prevent the court from making an order permitting a judgment of a lower court which has been affirmed by it at a previous term to be attacked and, if proper grounds be known, set aside, in such lower court by some appropriate method recognized by the law.
In the case of Bloxham v. F. C. P. R. Co., 39 Fla. 243,22 So. 697, the principle is clearly enunciated, that this court has the power, on an independent petition filed for that purpose, after a mandate on a former appeal had been issued and lodged in the lower court and a judgment entered thereon, at a previous term, to grant leave to one of the parties to apply to such lower court for permission to file a bill of review, or supplemental bill in the nature of a bill of review, in pursuance of an effort, by reason of new matter, to obtain a change or modification of the decree which had been rendered by the lower court and affirmed by this court. It was held, however, that such leave should not be granted as a matter of course, but only in the exercise of a sound discretion, when it appears that good and sufficient grounds exist for filing such bill and where the application is made on the ground of newly-discovered matter. The same principle applies, in the main, to the situation now before us.
As has already been pointed out by this court, the writ of error coram nobis is a common law writ, the purpose of *Page 748 
which is to correct a judgment in the same court in which it was rendered on ground of error of fact. The narrow scope of such writ, as to the character of facts which can thus be set up, has been indicated by this court in the Lamb case above cited. It is in essence closely akin to a new suit or proceeding to impeach and set aside a judgment formerly rendered by the court. 5 Encyc. Pldg. Prac., 26, et seq.; 34 C. J. 390-402; R. C. L. 305-310. Where such judgment of the trial court has been affirmed by this court, as above pointed out, a petition for writ of error coram nobis does not lie in the lower court unless the permission of the appellate court which affirmed the judgment is first secured. While we have no power in this case to recall the mandate sent down from this court to the lower court in January, 1924, the term having long since expired, this court has the power to permit the defendant in the lower court to apply to such court for writ of errorcoram nobis and to obtain such relief, if any, as the fact or facts set up and proven in due course, would entitle him to secure. See 34 C. J. 392. The proper grounds for such a petition and the course of procedure applicable in the lower court, are discussed and outlined in the Lamb case, above referred to, 107 So. 525. In that case, the court was more concerned with the scope of the writ and the procedure which should be followed in the lower court than with the form and sufficiency of the application made to this court for permission to proceed in the lower court. It will be noticed that the sufficiency of the application made to this court was not discussed in that case. However, the grounds for the application as stated therein are quoted in the opinion, and such grounds are alleged in general terms, without setting out the specific facts which, it was alleged, if known to the lower court at the time of the conviction and sentence, would have caused *Page 749 
such court to have entered a different judgment. We are convinced that the better practice is that where, after an affirmance by this court of the lower court's judgment, application is made to this court for permission to make an attack on such judgment by means of a petition to the lower court for a writ of error coram nobis, such application to this court should make a full disclosure of the specific facts relied on, and not merely the conclusions of the petitioner as to the nature and effect of such facts, so that this court can construe the facts for itself and ascertain whether, under settled principles pertaining to such writ, the facts alleged would afford, at least prima facie, just ground for an application to the lower court for a writ of error coram nobis.
However, in view of the fact that the application now before us follows quite closely the allegations of the petition quoted in the Lamb case, supra, and was evidently based upon such case, and in view of the further fact that the date of the execution of the petitioner is so near at hand that to require him to amend his petition at this time might prove fatal both to the petitioner and to the remedy which he seeks to employ, if he be entitled to it, the court will not at this time require such amendment.
As was pointed out by this court in the cited cases, if the trial court erroneously grants a writ of error coram nobis, the State has no right to an appellate review of such order, and the security of the State's judgment of conviction lies in the faith that the trial court will not grant a writ of error coramnobis except upon a proper and adequate showing of essential facts duly made by competent, and adequate legal evidence. As to proper procedure in the lower court, see the Lamb and Nickels cases, supra.
As to supersedeas or stay of execution of the judgment of conviction and sentence, this may be asked by the petitioner *Page 750 
in his petition for the writ, or by separate motion, and whether the same shall be granted rests in the sound discretion of the court to whom the petition for the writ is made. See 34 C. J., pp. 399-400, Sec. 622, and cases cited.
It is, therefore, considered and ordered that the petitioner, Abe Washington, be and he is hereby given permission to forthwith make due and proper application to the Circuit Court for Duval County, Florida, praying for the granting of a writ of error coram nobis addressed to the judgment of conviction of murder in the first degree rendered in the case of the State of Florida v. Abe Washington by said court, which judgment was later affirmed by this Court, and said Circuit Court is hereby authorized to entertain and determine such application and all matters lawfully incidental thereto. A copy of the order made herein, together with a copy of this opinion, will be duly certified to said Circuit Court. It is so ordered.
ELLIS, TERRELL AND STRUM, J. J., concur.