C. W. JENNINGS, *Plaintiff in Error*, v. JOHN L. POPE, doing business as KEYSTONE REALTY COMPANY, *Defendant in Error*.

Division A.
Opinion filed May 18, 1931.

*Paul Vetter,* for Plaintiff in Error;

*John B. Singeltary,* for Defendant in Error.

ELLIS, J.—John L. Pope, a licensed real estate broker, brought his action against C. W. Jennings in the Circuit Court for Manatee County to recover a commission or fee for finding a purchaser of lands owned by the defendant and which he desired to sell and engaged the plaintiff's services in that behalf.

Twenty-one pleas were filed to the declaration all of which were stricken except five. They were the general issue. One plea applied to the first count and the other to the second count and was bad and should have been eliminated. Two of the remaining three averred that the promise was a joint one made to the plaintiff and another and the last one denied that the plaintiff was a licensed real estate broker.

There was a verdict and judgment for the plaintiff in the sum of eighty-seven hundred and fifty dollars. A writ of error was taken to the judgment a month and a half later on December 1, 1928, and made returnable on March 1, 1929, ninety days later. There were ninety assignments of error.

Before the return of the writ the plaintiff in error applied to this Court and obtained permission to apply to the Circuit Court for a writ of error coram nobis which was denied by the court on June 10, 1929, and to that order a writ of error was taken from this Court on July 5, 1929, and returnable here September 10, 1929.

The cases were consolidated and oral arguments heard on April 14, 1931.

Under the issues submitted to the jury in this case the plaintiff's evidence amply supported the verdict. His authority to act as a real estate broker, his agreement with the defendant, the consummation of the sale and breach of the agreement of employment by the defendant. The above facts were amply supported by the evidence. The instrument designated as Exhibit "C" bearing the signatures of the defendant and the purchaser with the word "seal" in parenthesis opposite each name was admissible for the purpose of showing a valid contract of sale and recites that a commission of 5% was to be paid to Keystone Realty Company on total amount of sale on transfer of title. The sentence "to split equal with A. F. Collins" cannot be construed as other than a direction to the Keystone Realty Company. The cross examination developed that the plaintiff at that time was conducting his brokerage business as the Keystone Realty Company and that he acknowledges his obligation to Collins who worked with him. The action was not based upon the so-called sealed contract of

purchase between the defendant and the purchaser of the land but as merely evidentiary of the verbal agreement between the defendant and plaintiff on which the action rested. Mr. Collins himself, on cross examination by defendant's counsel explained the relation between the plaintiff and himself. He said that "Mr. Pope agreed to pay me a certain commission for assisting in the sale". It was Pope and not the defendant who agreed to pay Collins for his service.

There was a conflict of testimony as to the genuineness of the Exhibit C. but the jury resolved that conflict in the plaintiff's favor. That point however was not determinative of the issue. The evidence was merely cumulative.

The rule is too familiar to the profession in this State to require discussion or citation of cases to support it that where there is substantial evidence to sustain the verdict. and bias or abuse of judicial discretion does not appear in the record the verdict will not be disturbed. See Carlton v. King, 51 Fla. 158, 40 South. Rep. 191.

When the jury as reasonable men may have found the verdict they did after careful consideration of the evidence the verdict will not be disturbed on appeal. Pensacola Electric Co. v. Bissett, 59 Fla. 360, 52 South. Rep. 367; Consolidated Naval Stores Co. v. McNeill, 60 Fla. 38, 53 South. Rep. 843; Cohen v. Harris, 61 Fla. 137, 54 South Rep. 905.

Applying that rule to the evidence in this case no ground exists for disturbing the verdict in so far at least as the establishment of the contract of employment is involved. However unsatisfactory the evidence on that point may appear to a reader of the record of it, the fact must not be ignored that the jury had the witnesses before it and it

was its province to determine which witness or set of witnesses more nearly spoke the truth.

On the question whether the plaintiff was a licensed real estate broker the prima facie case made by the license issued by the county judge was not overcome by the certificate of Mr. Rose, Chairman of the Board of Real Estate Brokers Registration that the "Keystone Realty Company" had not registered or been granted a license under the several statutes enumerated in the certificate. There was appended to the license issued by the County Judge of Sarasota County to John L. Pope a certificate by the three members of the Board among whom was included Mr. Rose that "John L. Pope has been *designated* by the *licensee* as required by section eight of Chapter 10233, Laws of Florida. This license is furnished in pursuance of Chapter 10233, Laws of Florida, by Real Estate Broker's Registration Board". (Italics mine).

The many assignments of error based upon admission and rejection of evidence and the charges given and those given and refused are unnecessary to be discussed because upon an examination of the entire record it does not appear that under the issues as made by the parties there was any miscarriage of justice. See Sec. 4499 C. G. L. 1927.

There is no variance between the declaration and the evidence nor is there any question as to the admissibility of the sealed instrument so-called as evidence of the simple contract declared upon. The so-called sealed instrument was not a contract between the plaintiff and defendant but an agreement between the defendant and a third person, the purchaser of the land, in which they agreed among other things that the Keystone Realty Company was to be paid 5% commission on the transfer of title. It was in the

nature of an acknowledgment by the defendant to a third person that The Keystone Realty Company was to be paid 5% commission on the transfer of title. It matters not how the acknowledgment was made whether in writing under seal or orally.

The action was brought by John L. Pope. Under cross examination of the plaintiff it was made to appear that the "Keystone Realty Company" was a copartnership consisting of Pope and others "only for the purpose of development" but that in the Real Estate Brokerage business the plaintiff acted for himself solely in conducting his brokerage business. There can be no objection to that practice if the use of the name by one partner in another line of business is agreeable to the other members of a partnership using the same name in an entirely different business.

The second count was inartificially drawn but it is not amenable to the criticism made of it. While it does not follow the statutory form of a declaration in general assumpsit it does follow substantially the common law form of the indebitatus counts where the consideration was executed and the promise is an unconditional and unqualified promise to pay money. The statutory form merely does away with the necessity for alleging the promise to pay. See Archbold's Nisi Prius 168.

The order of the court denying the writ of error coram nobis should also be affirmed. The contention that because this Court granted permission to the defendant below while the cause was pending here on writ of error to apply to the trial court for a writ of error coram nobis the trial court was precluded from denying the writ because the Supreme Court and virtually determined the sufficiency of the grounds as set out in the petition cannot be sustained.

The application for permission to apply for the writ is made here because this court has jurisdiction of the case on writ of error. The permission when granted is merely an authority to the trial court to consider an application for a writ of error coram nobis and to grant it if in the judgment of the trial court a sufficient showing is made for granting it. Lamb v. State, 91 Fla. 396, 107 South Rep. 535; Washington v. State, 92 Fla. 740, 110 South Rep. 259.

The basis of the petition was that Pope was not the owner of the claim against the defendant C. W. Jennings when the action was brought against the latter because before that time he had assigned it to a Mrs. Engle and the transaction shows that the claim assigned was for an amount less than the sum recovered and that the verdict was rendered in favor of the plaintiff upon false testimony.

The right of the plaintiff to recover as the real party in interest was a fact adjudicated in the trial of the cause. It was covered by the general issue and the fact of an assignment of the plaintiff's interest may very well have been disclosed by careful cross examination. In any event, as the Honorable Judge Harrison observed, Mrs. Engle was in the court room with Pope some time after the verdict was rendered and went with him from there and had the assignment acknowledged and placed on record. Even if that circumstance shows a prior assignment to her of Pope's interest it would certainly constitute an estoppel against her as to any subsequent action that might be brought by her and that the recovery by Pope would in any event be held for her use and benefit.

The writ cannot be invoked on the ground that a witness testified falsely about a material issue, nor can newly dis-

covered evidence going to the merits of the issue tried be used as a basis for the writ. See Lamb v. State, *supra*.

There is also the question whether the claim was assignable so as to vest in the assignee under Section 4201 C. G. L. 1927 the right to maintain the action in her own name. The chose in action was not in the form of an acknowledged account, due bill or other form of indebtedness and the statute is permissive only, allowing the assignee of a chose in action to maintain the action as the real party in interest.

The judgment is affirmed and the order denying the writ of error coram nobis is also affirmed.

BUFORD, C.J., AND BROWN, J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.