FORREST LAKE, *Plaintiff in Error,* vs. THE STATE OF FLORIDA, *Defendant in Error.*

Division A.

Opinion filed May 26, 1931.

*H. S. White* and *Dickenson & Lake,* for Plaintiff in Error;

*Cary D. Landis,* Atty. Gen. and *Roy Campbell,* Asst. for Defendant in Error.

BUFORD, C.J.—Forrest Lake was convicted in the Circuit Court of Seminole County under a certain indictment charging him with violation of certain of the banking laws of this State on May 4th, 1928. The case came for review before this Court on writ of error and the judgment was affirmed on July 29th, 1930. Re-hearing was granted and the judgment was re-affirmed on November 29th, 1930. The mandate was filed in the Circuit Court on December 1st, 1930. Thereafter, a writ of habeas corpus was sued out directed to James F. McClellan, as Sheriff of Seminole County, to test the validity of the judgment of conviction and sentence thereunder. On final hearing the petitioner was remanded to the custody of the Sheriff. That judgment was also brought to this Court for review by writ of error and on the 4th day of May, 1931, the judgment of this Court was filed in which the judgment of conviction was upheld, but the sentence as imposed under the judgment of conviction was held to be insufficient and, thereupon, it was ordered by this Court that the said Forrest Lake ''be presented by the Sheriff at the bar of the Circuit Court of Seminole County, Florida, for

such further proceedings as may be had in conformity with this opinion."

It will be observed that the judgment of this Court affirming the judgment of the Circuit Court of Seminole County on the merits of the case above referred to was filed and the mandate issued at a previous term of this Court. The Court is, therefore, without authority to recall the mandate. Washington vs. State, 92 Fla. 740, 110 Sou. 259.

The petitioner, Forrest Lake, now comes to this Court praying that he be granted permission to make and present to a Judge Pro Haec Vice, Circuit Court of Seminole County, Florida, in which the judgment of conviction was rendered, a petition praying for the granting of a writ of error coram nobis.

In the case of Washington vs. State, supra, it was held:

"While this Court is without power to recall a mandate regularly issued and sent down to the lower court without inadvertance and resume jurisdiction of the cause after the expiration of the term at which its judgment was rendered and the mandate issued, except for the purpose of correcting mere clerical errors or mistakes or setting aside a judgment shown for some adequate reason to be absolutely void, it may upon a proper showing grant leave to one of the parties to make application to the trial court which rendered the judgment to grant a writ of error *coram nobis* to such judgment, provided the application contains allegations of fact of such a nature as would lawfully entitle him to the issuance of such writ, and thereby authorize and permit the trial court to entertain such application and take appropriate action thereon."

The petition presented to this Court alleges no specific state of facts which would warrant the granting of a writ of error coram nobis.

In the case of Washington vs. State, supra, it was held:

"Where application is so made to this court for permission to proceed in the lower court for a writ of error *coram nobis* to a judgment heretofore affirmed by this court, such application to this court should make a full disclosure of the specific facts relied on and not merely the conclusions of the party as to the nature and effect of such facts, so that this court can construe the facts for itself and ascertain whether, under settled principles, pertaining to such writ, the facts alleged would afford, at least *prima facie*, just grounds for an application to the lower court for writ of error *coram nobis*.

In the Washington case, however, for reasons which appeared to the Court to justify such action, to-wit: the impending execution of the petitioner in conformity with the sentence passed upon him, the court did not enforce the rule as above enunciated. That appears, however, to be the correct and prevailing rule and should be followed. The petition should be denied and it is so ordered.

Denied.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL, J., concur in the opinion and judgment.

DAVIS, J., disqualified.