, W. B. (BUSTER) SMITH, *et al.*, v. STATE.

150 So. 227.
En Banc.
Opinion Filed September 18, 1933.

Opinion on Application for Permission to Seek Writ of Error *Cram Nobis* Filed October 31, 1933.

*Leo P. Kitchen,* for Plaintiffs in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

DAVIS, C. J.—In this case the writ of error must be dismissed because there has not been filed in this Court a transcript of the record prepared in conformity to the rules.

The clerk's certificate of what purports to be a transcript of the record is as follows:

"*State of Florida,*

"*County of Duval.*

. "*I, John D. Baker,* Clerk of the Criminal Court of Record in and for Duval County, Florida, do hereby certify that

·the foregoing is a true and correct copy of the Information, Verdict of Jury, Record of Testimony and Proceedings as furnished by V. F. Halter, Court Reporter, and the Statement of Raymond Milford, in the case of *W. B.* *(Buster)* *Smith* and *Raymond Milford,* Appellants, versus *State of Florida,* Appellee, as the same appears of record in this Court, from 0 page to 98 Page.

"*In Witness Whereof,* I have hereunto set my hand and seal of the Criminal Court of Record in and for Duval County, Florida, this the 15th day of February, A. D. 1933.

*John D. Baker,*

(Seal)        Clerk Criminal Court of Record.

By (s) H. L. Elarbee, Deputy Clerk."

The testimony is not authenticated as a bill of exceptions nor do we have brought up before us a certified copy of the judgment and sentence to which the writ of error sued out purports to relate.

Under the circumstances we are unable to review the judgment, so the writ of error is dismissed.

Dismissed.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.

ELLIS, J., concurs specially.

ELLIS, J. (concurring specially).—I agree to this order of dismissal because the document filed in this case as a transcript of the record discloses no attempt to comply with any rule prescribed by this Court for the preparation and certification of transcripts of records in criminal cases nor for the preparation and certification of bills of exceptions.

ON APPLICATION FOR PERMISSION TO SEEK WRIT OF ERROR CORAM NOBIS.

PER CURIAM.—In this case the judgment of conviction of the plaintiffs in error has not been affirmed by the judg-

ment of this Court, the writ of error herein having been dismissed. See foregoing opinion. Assuming that this is a case analogous to one wherein the judgment has been affirmed, which requires permission from this Court to apply to the trial court for writ of error *coram nobis* (Washington v. State, 92 Fla. 740, 110 Sou. Rep. 259.) the application now before us does not meet the requirements as to certainty and definiteness of the allegations of fact required to be made to support such a proceeding, to warrant the granting of a writ of error *coram nobis* on the petition now before us. For the requirements of a petition for writ of error *coram nobis,* see Washington v. State, *supra;* Chesser v. State, 92 Fla. 754, 109 Sou. Rep. 906; Nickels v. State, 86 Fla. 208, 98 Sou. Rep. 497, 99 Sou. Rep. 121; Lamb v. State, 90 Fla. 844, 107 Sou. Rep. 535; Lamb v. Harrison, 91 Fla. 927, 108 Sou. Rep. 671; Jennings v. Pope, 101 Fla. 1476, 136 Sou. Rep. 471.

The application will be denied without prejudice to the right to file in the court below a proper petition, it appearing that the judgment has not yet been affirmed by this Court.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.