396 So.2d 1225 (1981)
Dan M. DURRANT, Attorney in Fact, Appellant,
v.
Joanne M. Kettles DAYTON and W. Alan Dayton, Appellees.
No. 80-1095.
District Court of Appeal of Florida, Fourth District.
April 22, 1981.
H. Bryant Sims, Winkel, Sims, Kenney & Crosswell, Palm Beach, for appellant.
Montgomery, Lytal, Reiter, Denney & Searcy and Edna L. Caruso, West Palm Beach, for appellees.
SCHWARTZ, ALAN R., Associate Judge.
The appellant Durrant was the assignee of a contract for the purchase of realty from the appellees. Both the assignment and the resulting deed were made to Durrant, as "Trustee, with power and authority to protect, conserve, sell, lease, encumber or otherwise manage and dispose of the real property" in question. Durrant, suing in that representative capacity, brought the instant action claiming that the appellees had breached the contract by failing to convey the property in the condition represented.
Durrant's deposition revealed that his principal in the transaction was an offshore trust of which the trustee was one Gonzalez, a Mexican national. The defendants then moved to dismiss the complaint for failure to join an indispensable party, Gonzales. Durrant then agreed to and did *1226 join Gonzales as an additional party-plaintiff.[1] After Gonzales refused to appear for his deposition, the defendants again moved to dismiss. The trial judge granted the motion and dismissed the action with prejudice as to both party-plaintiffs. Gonzalez does not appeal, but Durrant does. We reverse.
It is obvious that the only basis upon which the case could have been dismissed as to Durrant was the determination that Gonzalez  who was himself properly dismissed  was an indispensable party to the action.[2] But this is simply not the law. Florida Rule of Civil Procedure 1.210(a) speaks to the precise situation involved in this case, and provides directly to the contrary of the ruling below:
(a) Parties Generally. Every action may be prosecuted in the name of the real party in interest, but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another or a party expressly authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought ... . [Emphasis supplied][3]
It is very clear that the rule means just what it says and that a nominal contracting party like Durrant is permitted, at his option, to bring an action in his own name, without joining the real party in interest. E.g., Jennings v. Pope, 101 Fla. 1476, 136 So. 471 (1931) (statutory predecessor of Rule 1.210(a) permissive); Holyoke Mutual Insurance Co. in Salem v. Concrete Equipment, Inc., 394 So.2d 193 (Fla.3d DCA 1981),[4] and cases cited; cf. Rebozo v. Royal Indemnity Co., 369 So.2d 644 (Fla.3d DCA 1979) (real party in interest may also maintain action).
For these reasons, the judgment under review is reversed and the cause remanded with directions to deny the motion to dismiss as to the plaintiff Durrant, and for further proceedings consistent herewith.
Reversed and remanded.
BERANEK and HERSEY, JJ., concur.
NOTES
[1] The amended complaint also changed the designation of the capacity of Durrant to that of "attorney-in-fact," which he indicated was the appropriate designation of his relationship to the trust.
[2] We disagree with the appellees' claim that Durrant's action of joining Gonzalez in response to the initial motion to dismiss somehow amounted to a binding agreement that Gonzalez was in fact an indispensable party so as to preclude a subsequent argument to the contrary. See Williams v. Robineau, 124 Fla. 422, 168 So. 644 (1936); Holyoke Mutual Insurance Co. in Salem v. Concrete Equipment, Inc., 394 So.2d 193 (Fla.3d DCA 1981).
[3] It plainly makes no difference that Durrant's principal is itself a trust represented by its own fiduciary, the trustee Gonzalez. See Fla.R. Civ.P. 1.210(c).
[4] The sequence of events below, in which the defendants first moved to require Gonzales to be added as a party plaintiff and then secured a dismissal of the entire case when he did not pursue the action, is very reminiscent of the Catch-22 or "gotcha!" situation involved in the Holyoke Mutual case.