SUNDBERG, Chief Justice.
We here confront the issue of whether the District Court of Appeal, Fifth District, may utilize the en banc rehearing rule as a toehold to extend ad infinitum its jurisdiction whenever intradistrict conflict arises. We hold that it may not.
On May 7, 1980, the district court affirmed without opinion the trial court’s dismissal of plaintiff’s action in Rogers v. State Farm Mutual Automobile Insurance Co., 383 So.2d 1221 (Fla. 5th DCA 1980). Almost two months after the end of the term [1] in which this PCA decision and mandate were issued, Rogers filed a motion for rehearing. The court denied the motion on November 12,1980, because it was not filed within fifteen days of the May 7th decision, the time period prescribed by Florida Rule of Appellate Procedure 9.330(a).[2] Upon its own motion, however, the court decided to reconsider the case, basing its authority to review on Florida Rule of Appellate Procedure 9.331(c),[3] which governs rehearings en banc. It then reversed Rogers as being in *982 direct conflict with one of the court’s later decisions.[4] Rogers v. State Farm Mutual Automobile Insurance Co., 390 So.2d 138 (Fla. 5th DCA 1980).
State Farm filed a petition for common law certiorari with this Court seeking to vacate the en banc court’s November 12th judgment because it lacked jurisdiction. We have treated the petition as an application for writ of mandamus. Our jurisdiction is found under article V, section 3(b)(8), Florida Constitution (1980).
Respondents initially deny the propriety of a writ of mandamus as a remedy in this case, claiming that the district court acted within its discretion in reversing its prior judgment. Yet it is painfully clear that if the district court had no jurisdiction to act as it did, the question of discretion is irrelevant:
Where the action of a ... court in vacating a judgment is wholly void, he has no discretion as to whether or not he will vacate the order vacating the judgment and make an order of reinstatement.

And mandamus will lie to compel a court to vacate a judgment, order, or decree which it was entirely without jurisdiction to make, there being no adequate remedy by appeal, error, or otherwise. .
State ex rel. Melbourne State Bank v. Wright, 107 Fla. 178, 184-85, 145 So. 598, 601 (1932) (citation omitted).
The thrust of respondents’ argument on the merits is that although jurisdiction of the district court would normally end with the term, Florida Rule of Appellate Procedure 9.331(c) extends the jurisdiction of the court indefinitely for the sole purpose of correcting intradistrict conflict by means of en bane rehearings. Respondents reason that because the Supreme Court had jurisdiction to resolve intradistrict conflict on the date rule 9.331 became effective,[5] and because the Committee Note[6] to the rule indicates the en banc proceeding is to be utilized in situations analogous to the Supreme Court’s conflict jurisdiction, therefore the district court is vested with jurisdiction to resolve intradistrict conflict. Furthermore, it is asserted that this jurisdiction is eternal because no time limit is specifically prescribed by the rule.
Without wading through the various shortcomings we perceive in the argument, it will suffice to state that we simply do not view the jurisdictional powers of an appellate court as encompassing such a grandiose temporal spectrum. All things must have end, even a district court’s power to correct inconsistencies. The reasons for this form the bedrock of Anglo-American jurisprudence: “There must be an end of litigation. Public policy, as well as the interests of individual litigants, demands it, and the rule just announced is indispensable to such a consummation.” Lovett v. State, 29 Fla. 384, 401, 11 So. 176, 179 (1892). See also Martin v. Hunter’s Lessee, 14 U.S. (1 Wheat.) 304, 355, 4 L.Ed. 97 (1816). And the “rule” which determined this end is set out in Lovett and several other Florida cases. An appellate court’s power to recall its mandate is limited to the term during *983 which it was issued. See Chapman v. St. Stephens Protestant Episcopal Church, Inc., 105 Fla. 683, 138 So. 630 (1932); Washington v. State, 92 Fla. 740, 110 So. 259 (1926).
We do not see rule 9.331(c) as abrogating this well established common-law precedent that a court’s power to alter its mandate generally ends with the term the mandate issued. Rule 9.331(c) is not a jurisdictional grant; it is a rule of procedure. We therefore conclude that the precedent limiting an appellate court’s jurisdiction is equally applicable to en banc rehearing proceedings.
Because the recall of mandate by the district court was made after the term in which the original mandate issued, the court was without jurisdiction. Its actions are thus void. See Wright. Accordingly, the petition for writ of mandamus is granted, and the writ is issued directing the District Court of Appeal, Fifth District, to vacate its last judgment in this cause and to reinstate its former.
It is so ordered.
ADKINS, BOYD, OVERTON, ALDERMAN and McDONALD, JJ., concur.

. Two terms a year of the district courts are set by statute. Section 35.10, Florida Statutes (1979), reads in part: “Regular terms. — The district court of appeal shall hold two regular terms each year at its headquarters, commencing respectively on the second Tuesday in January and July.”

. Fla.R.App.P. 9.330(a):
Time for Filing; Contest; Reply. A motion for rehearing or for clarification of decision may be filed within 15 days of an order or within such other time set by the court. The motion shall state with particularity the points of law or fact which the court has overlooked or misapprehended. The motion shall not re-argue the merits of the court’s order. A reply may be served within 10 days of service of the motion.

. Fla.R.App.P. 9.331(a), (c):
En Banc Proceedings: Generally. A majority of the judges of a district court of appeal may order a proceeding pending before the court be determined en banc. A district court of appeal en banc shall consist of the judges in regular active service on the court. En banc hearings and rehearings shall not be ordered unless necessary to maintain uniformity in the court’s decisions.

Rehearings En Banc.
(1) Generally. A rehearing en banc may be ordered by a district court of appeal on its own motion or on motion of a party. Within the time prescribed by Rule 9.330 and in conjunction with the motion for rehearing, a party may move for an en banc rehearing solely on the ground that such consideration in necessary to maintain uniformity in the court’s decisions. A motion based on any other ground shall be stricken. A vote will not be taken on the motion unless requested by a judge on the panel that heard the proceeding, or by any judge in regular active *982 service on the court. Judges who did not sit on the panel are under no obligation to consider the motion unless a vote is requested.

. State Farm Mutual Automobile Ins. Co. v. Bergman, 387 So.2d 494 (Fla. 5th DCA 1980), cert. granted, No. 59,706 (Fla. Feb. 16, 1981).

. January 1, 1980.

. The Committee Note reads in part:
This rule is patterned after the en banc rule of the United States Court of Appeals for the Fifth Circuit and should be used sparingly.
Subsection (a) provides that a majority vote of a district court is necessary to set a case for rehearing or rehearing en banc. All judges in regular active service, not excluded for cause, will constitute the en banc panel. Counsel are reminded that en banc proceedings are extraordinary and will be ordered only in the enumerated circumstances. The ground, maintenance of uniformity in the court’s decisions, is the equivalent of deci-sional conflict as developed by Supreme Court precedent in the exercise of its conflict certiorari jurisdiction. The district courts are free, however, to develop their own concept of decisional uniformity.