659 So.2d 435 (1995)
Arthur THOMPSON, Petitioner,
v.
Harry K. SINGLETARY, Jr., Secretary, Florida Department of Corrections, et al., Respondent.
No. 95-0326.
District Court of Appeal of Florida, Fourth District.
August 11, 1995.
Arthur Thompson, Starke, pro se petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Aubin Wade Robinson, Asst. Atty. Gen., West Palm Beach, for respondent.

ON MOTION FOR REHEARING AND TO RECALL MANDATE
KLEIN, Judge.
In our original opinion[1], Thompson v. Singletary, 655 So.2d 1282 (Fla. 4th DCA 1995), *436 we ordered a new trial because petitioner, who was convicted of first degree murder, burglary with assault/battery and robbery, persuaded us that he had ineffective assistance of appellate counsel on the direct appeal from his convictions. The portions of the transcript provided to us by petitioner, which were not disputed in the response filed by the state, demonstrated that the trial court incorrectly denied a challenge of a juror for cause, that petitioner was forced to use a peremptory challenge on her, that petitioner exhausted his peremptory challenges and requested an additional challenge, and that the court denied the request. Our opinion was filed June 7, 1995, and no motion for rehearing having been filed in 15 days, our mandate issued on June 23, 1995.
On June 29, 1995, the state filed an untimely motion for rehearing, a motion to accept the motion for rehearing as timely filed, and a motion to recall the mandate. The motion for rehearing attached additional portions of the transcript of petitioner's trial, which had not previously been furnished to this court, reflecting that the trial court had a change of heart about 150 pages later in the transcript, and gave petitioner an additional peremptory challenge. Petitioner's counsel advised the court that he did not desire to use it. The error was thus cured, and petitioner is not entitled to a new trial.
Florida Rule of Appellate Procedure 9.330(a) provides that a motion for rehearing "may be filed within 15 days of an order or within such other time set by the court." The 15 day time limit is not jurisdictional. Chapman v. St. Stephens Protestant Episcopal Church, 138 So. 630 (Fla. 1932); Maffea v. Moe, 483 So.2d 829 (Fla. 4th DCA 1986) (and cases cited therein); and Harris v. State, 107 So.2d 402 (Fla. 1st DCA 1958). The problem confronting us, however, is that after the issuance of our mandate on June 23, 1995, our term of court ended on July 10, 1995. § 35.10, Fla. Stat.
In State Farm Mutual Automobile Ins. Co. v. Judges of District Court of Appeal, Fifth District, 405 So.2d 980, 982 (Fla. 1981), the appellate court affirmed a case without opinion during one term of court, and approximately 4 months later, during the next term of court, the appellant filed a motion for rehearing. The court denied the motion for rehearing because it was untimely, but sua sponte decided to reconsider the case en banc, because it conflicted with another case in which an opinion had been written in the interim. The party opposing the rehearing then obtained a writ of mandamus from the Florida Supreme Court, which held that an appellate court is without jurisdiction to recall its mandate beyond the term of court during which the mandate was issued, explaining:
All things must have end, even a district court's power to correct inconsistencies. The reasons for this form the bedrock of Anglo-American jurisprudence: "There must be an end of litigation. Public policy, as well as the interests of individual litigants, demands it, and the rule just announced is indispensable to such a consummation." Lovett v. State, 29 Fla. 384, 401, 11 So. 176, 179 (1892).
In the present case, the state's motion for rehearing was filed during the same term of court, and if the state had called our attention to the fact that our term of court was about to expire by designating its motion to recall mandate as an emergency motion, it would have been brought to our attention immediately and we would have recalled the mandate prior to the end of term. Our normal procedure with motions for rehearing, which we followed here, is that the motion is held in the clerk's office until a response is filed or the time for response expires. Petitioner did file a response; however, by the time the motions and response were submitted to the panel, the term of court had ended.
In the present case, this court did not lose jurisdiction to reconsider its decision by virtue of the fact that the state's motion for *437 rehearing was filed 7 days late, because the motion was filed in the same term of court. But for the fact that our mandate issued, and the term of court ended before we considered the motion for rehearing, there would be no impediment to our reconsidering our decision. We recognize that there must be "an end of litigation;" however, we do not think that this principle should be applied to prevent a miscarriage of justice when a motion for rehearing was filed 7 days late during the same term. In State Farm the appellant's motion for rehearing was filed 4 months after the decision and 2 months into the next term of court.
In Washington v. State, 92 Fla. 740, 110 So. 259, 260-61 (1926), a case on which our supreme court relied in State Farm, the court stated:
The prevailing rule is that an appellate court is without power to recall a mandate regularly issued without inadvertence and resume jurisdiction of the cause after the expiration of the term at which its judgment was rendered and the mandate issued.
* * * * * *
While this court, of course, retains the power to make such orders as are necessary to protect the jurisdiction which it has exercised ... its jurisdiction over a cause decided by it and duly returned after the time for rehearing has expired with its mandate to the lower court ends at least with the term at which such judgment was rendered, except as to the power to make correction of clerical errors or inadvertences or to recall a mandate sent down by inadvertence, or to vacate a judgment void on its face, which exceptions to the general rule are recognized in most jurisdictions. (Emphasis added.)
We conclude that this court's failure to grant the state's motion to recall the mandate during the 11 day period between the filing of that motion and the motion for rehearing on June 29, and the expiration of our term of court on July 10, was inadvertent under Washington. Had it been called to our attention as an emergency matter by the state, we would have recalled the mandate prior to the end of our term of court. Under these facts, which we believe make this case distinguishable from State Farm, we conclude that we have not lost jurisdiction.
We grant the state's motion for rehearing and motion to recall mandate, withdraw our opinion filed June 7, 1995, and deny the petition for writ of habeas corpus.
DELL and FARMER, JJ., concur.
NOTES
[1] We erroneously showed the trial court case number in our original opinion as 92-1126. The correct number is 89-6825.