PER CURIAM.
Defendant appeals the denial of a motion to clarify sentence. We affirm.
Defendant was originally sentenced to probation. Thereafter, he violated his pro *360 bation and was sentenced to seventy-five months in prison. The sentencing score-sheet was calculated under the 1995 guidelines and indicated a range of 59.7 to 99.5 months.
Defendant subsequently filed a 3.800 motion to correct illegal sentence pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). The motion was granted by order stating that any change in sentence would be provided to the Department of Corrections.
In response to this order, defendant filed the present motion to clarify. The motion complained that the order was ambiguous and asserted that defendant wanted to be present for sentencing. The motion was denied.
The state concedes that prior to service of the motion to clarify the trial court had executed a new sentencing guidelines scoresheet under the 1994 version on the same date that the 3.800 motion was granted. The new scoresheet resulted in a range of 32.4 to 54 months in prison. The scoresheet and the docket sheet reflect a new sentence of 48 months. No new sentencing order appears in the record.
The present appeal challenges the denial of defendant’s motion to clarify. There is no merit to this appeal. However, defendant’s underlying argument that he was entitled to be present when he was re-sentenced is valid. See Barcelo v. State, 774 So.2d 895 (Fla. 4th DCA 2001)'. Accordingly, we affirm the trial court’s order denying defendant’s motion to clarify without prejudice to file a motion to vacate his current sentence and seek re-sentencing at which he will be present and represented by counsel.
Affirmed.