PER CURIAM.
In our original opinion, Walton v. State, 783 So.2d 359 (Fla. 3d DCA 2001), we affirmed what we erroneously believed to be the lower court’s denial of a motion to clarify. Because of defendant’s chaotic filing of multiple pleadings both here and in the trial court, this Court inadvertently issued mandates on conflicting opinions. We now correct our error and withdraw our mandate in this case. See Thompson v. Singletary, 659 So.2d 435, 437 (Fla. 4th DCA 1995)(citing Washington v. State, 92 Fla. 740, 110 So. 259, 260-61 (1926))(pre-vailing rule is that an appellate court’s jurisdiction ends with the term the judgment was rendered and mandate issued except as to the power to make correction of clerical errors or inadvertences or to recall a mandate sent down by inadvertence, or to vacate a judgment void on its face).
Accordingly, we affirm the lower court’s order granting defendant’s 3.800 motion. We reverse the sentence imposed thereafter in defendant’s absence, and remand for defendant to be resentenced.[1] See Washington, 110 So." at 260(if leave to issue a writ of error corum nobis is granted by the appellate court, the trial court may grant a writ upon a sufficient showing duly made). At this resentencing, defendant will be present and represented by counsel. See Dougherty v. State, 785 So.2d 1221 (Fla. 4th DCA 2001).
*1293 Affirmed and remanded with instructions.

. In an abundance of caution, we note that resentencing will be in lower tribunal case number, 97-9560.