PER CURIAM.
Respondent’s motion to recall mandate and for clarification is granted.[1] We withdraw the original opinion and substitute the following opinion for our previous decision.
By petition for writ of certiorari, Dino Lewis seeks review of an order of the circuit court which denied his petition for writ of mandamus which sought recalculation of his release date. Because Lewis is entitled to relief pursuant to Bolden v. Florida Dept. of Corrections, 865 So.2d 1 (Fla. 1st DCA 2003), rev. granted, Crosby v. Bolden, 848 So.2d 1153 (Fla.2003), rev. dismissed, 867 So.2d 373 (Fla.2004), we grant the petition.
In circuit court case number 95-31807, Lewis was convicted of armed robbery with a firearm and possession of a firearm by a convicted felon for robbing a Subway Store on April 17, 1995. In circuit court case number 95-31817, Lewis was convicted of armed robbery with a firearm and possession of a firearm by a convicted felon for robbing a Pizza Hut on April 8, 1995. On all four counts, Lewis was sentenced as an habitual offender and received seven-year sentences, less credit for time served prior to sentencing, all counts running concurrent to any active sentence. The circuit court imposed three-year minimum mandatory terms on the two armed robbery counts.
Lewis was eligible to receive incentive gain time while serving the firearm sentences, but not while serving the three-year mínimums for the armed robbery *446 counts. As a result, the release dates for the firearm counts were earlier than the release dates for the armed robbery counts. The Department of Corrections tolled the time for conditional release supervision to begin on the firearm counts for 344 days while Lewis completed the incarcerative periods for the armed robbery sentences.
Lewis was released to conditional release supervision, but was later revoked. In calculating Lewis’s new release date, the Department added the 344 days which had been tolled. Lewis’s release date should be recalculated without the addition of the 344 days. In Bolden, this court held that in calculating a new release date following revocation of conditional release supervision, the Department could not consider as tolled the time served following expiration of the incarcerative portion of one sentence while the inmate awaited expiration of the incarcerative portion of a related sentence which arose from the same criminal episode. Here, petitioner received sentences that were imposed for offenses committed during both the same and different criminal episodes. During each robbery, petitioner, a convicted felon, possessed a firearm, but each robbery was committed during a separate criminal episode. Thus, as to the Pizza Hut robbery, the prison time on the firearm possession sentence could not be tolled while the Pizza Hut robbery sentence was completed. Likewise; as to the Subway robbery, the prison time on the firearm possession sentence could not be tolled while the Subway robbery sentence was completed. As between the sentences imposed in the two separate cases, our decision in Bolden affords petitioner no relief because the sentences were imposed for two unrelated robberies. See Bostic v. Crosby, 858 So.2d 347 (Fla. 1st DCA 2003); Crosby v. McNeal, 865 So.2d 617 (Fla. 5th DCA 2004).
PETITION GRANTED.
ERVIN, PADOVANO and POLSTON, JJ., concur.

. See Thompson v. Singletary, 659 So.2d 435, 437 (Fla. 4th DCA 1995)(citing Washington v. State, 92 Fla. 740, 110 So. 259, 260-61 (1926))(holding that the prevailing rule is that an appellate court's jurisdiction ends with the term the judgment was rendered and mandate issued except as to the power to make correction of clerical errors or inadvertences or to recall a mandate sent down by inadvertence, or to vacate a judgment void on its face).