## JOHNSON & Another *v.* WILKINS.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF FLORIDA.

Submitted April 26, 1886.—Decided May 10, 1886.

The cause was submitted, under Rule 20, January 7, 1886. The court finding nothing from which it could be inferred that the value of the matter in dispute exceeded $5000, dismissed the case for want of jurisdiction January 19, 1886. On the 26th April, 1886, the plaintiffs in error moved to reinstate the cause, accompanying the motion with affidavits in its support. *Held,* That the motion was too late.

These were motions, supported by affidavits, to reinstate a case dismissed because the amount in dispute did not appear by the record to be sufficient to give the court jurisdiction— see *Johnson* v. *Wilkins,* 116 U. S. 392—and to recall the mandate.

The following were the grounds of the motion :

" *First.* That the subject-matter in dispute is of such value as to give this honorable court jurisdiction, and that the plaintiffs in error were taken by surprise in not having notice of any intention on the part of defendant in error to deny the jurisdiction.

" *Second.* The defendant in error having by this agreement submitted the case upon its merits, he is now estopped from raising any question of jurisdiction."

*Mr. Alexander Porter Morse* for the motion.

No one opposing.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This case was submitted, under Rule 20, on the 7th of January last, but, on looking into the record, we found nothing from which it could fairly be inferred that the value of the matter in dispute exceeded $5000, and, consequently, on the 19th of January, entered an order of dismissal, on our own motion, as it rested " on the plaintiffs in error to show our jurisdiction, either from the record or by affidavits," and this had not been done. The present motion was not filed until April 26th, and we are not willing at this late day to receive and consider affidavits to supply a defect in the record which has existed since the case was docketed on the 11th of August, 1883, and of which the appellants have neglected to take any notice until the expiration of more than three months from the time the court acted upon it and entered an order of dismissal on that account. This is one of the class of cases in which the parties are required to act promptly, after they have actual notice of what is required of them, or they will not be heard.

*The motion to reinstate is denied.*