131 So.2d 22 (1961)
Hoyle WHITAKER and Lillie Inez Whitaker, His Wife, Appellants,
v.
JACKSONVILLE EXPRESSWAY AUTHORITY, a corporate agency of the State of Florida, Appellee.
No. C-305.
District Court of Appeal of Florida. First District.
June 1, 1961.
*23 Arthur T. Boone and Smith, Axtell & Howell, Jacksonville, for appellants.
E.P. Mulcahy, Jacksonville, for appellee.
PER CURIAM.
Our decision of April 25, 1961, held that this appeal was not timely filed and thereupon granted appellee's motion to dismiss. On May 13, 1961, the appellant moved the court to certify its mentioned decision as one that passes upon a question of great public interest, the purpose being to provide a basis for certiorari to the Supreme Court under the provisions of Article V, Section 5(3), Constitution of Florida, F.S.A.
It is seen that the "motion" was filed after the time allowed by the rules for filing a petition for rehearing. If such motion is recognizable as having an efficient purpose in point of law, its filing would cast on this court the duty to formally dispose of it; and if that premise were correct, it would follow that the filing of the motion would operate to withhold issuance of the mandate until it is disposed of or, if it should be that the mandate had issued prior to the filing of the "motion", it would be incumbent on the court to recall and vacate the mandate and issue a new mandate when the motion is finally disposed of. Such procedure is not contemplated by the rules or applicable law.
In Susco Car Rental System of Florida v. Leonard, Fla. 1959, 112 So.2d 832, 835, the Florida Supreme Court laid at rest the proposition that the power of the District Courts of Appeal is absolute to refuse to certify a decision of that court as one which passes upon a question of great public interest. Justice Drew, speaking for the court, observed that, "Similarly, where a decision involves a question which has, incontrovertibly, been `certified by the district court of appeal to be of great public interest,' then the specified condition [of Article V, Section 5(3), Constitution of Florida] has been fully met."
Inherent in every decision rendered by a District Court of Appeal is the implication, unless otherwise stated or contrary action taken, that it does not pass upon a question of great public interest; and when the labor of the court has terminated with its final decision and the issuance of its mandate thereon, it no longer has jurisdiction to enter a certificate of the character under discussion.
In parlance of the law the word "motion", in its efficient sense, denotes an application to a court or judge to take stated action in respect to some subject of law or *24 procedure. Inherent therein is a contention of the movant that he is entitled, as a matter of law, to have it granted. By the same token, the denial of a motion having those attributes should afford the basis for review before an appellate tribunal. An application for action by a court or judge that does not have that result cannot be termed a "motion" in the sense to which we refer.
Since the right of review does not lie from a failure or refusal of a District Court of Appeal to certify any decision rendered by it as one that passes upon a question of great public interest, a pleading of the character under discussion is not a motion in the strict legal sense. It has no efficiency other than to invite the court's attention to the factors which the pleader believes to be important in suggesting that the decision be certified as passing upon a question of great public interest. At this juncture we wish to observe that it is not amiss and that this court will welcome the filing by any interested person, at any time prior to the expiration of the period of time allowed for filing of a petition for rehearing, of a suggestion to that effect, fortifying it with the factors that make it so; bearing in mind that such pleading has no legal effect.
In the instant case we treat the pleading entitled "Motion to Certify Question" as a suggestion to certify the decision dismissing the appeal as one that passes upon a question of great public interest. As the pleading was filed after expiration of the time allowed for the filing of a petition for rehearing, the decision has become final. The pleading therefore lacks the efficient purpose of timely inviting the attention of this court to whatever factors the pleader might have considered important to a determination by this court of whether it would certify the decision as one passing upon a question of great public interest.
In summary, we hold (1) that a party litigant is not entitled as a matter of right to have an order entered by this court disposing of any pleading the purpose of which is to cast on this court the duty to certify one of its decisions as one that passes upon a question of great public interest; (2) that at any time prior to expiration of the time allowed for filing a petition for rehearing any interested person may file in a pending cause a suggestion that the decision therein be certified as aforesaid, stating therein the factors upon which such suggestion is predicated; (3) that no formal order is necessary to dispose of such suggestion; (4) that any certificate by the court to the effect that a decision passes upon a question of great public interest shall in all cases be upon the court's own motion.
WIGGINTON, Chief Judge, and STURGIS and CARROLL, DONALD K., JJ., concur.