GLICKSTEIN, Judge.
This is an appeal by the state from an order of the county court which dismissed the information filed against appellee. In its order the trial court held that the then existing section 860.01(1), Florida Statutes (1981)[1] was unconstitutionally vague, saying:
[T]his Court rules Section 860.01(1), Florida Statutes, to be patently unconstitutional on its face as being void for vagueness and thus violating due process of law in that the subsection does not mandate, as an essential element of the offense, that the State allege and then prove the specific intoxicant which caused the accused to be “intoxicated” or “under the influence to such extent as to deprive of full possession of normal faculties.”
(Emphasis original.)
We have jurisdiction pursuant to section 26.012(1), Florida Statutes (1981).[2]
The trial court erred in two respects, compelling reversal. First, it was unnecessary to reach the constitutional issue. If it felt the information was too vague, it should have dismissed it pursuant to Florida Rule of Criminal Procedure 3.140(o).[3] As the supreme court said in State v. Covington, 392 So.2d 1321, 1324 (Fla.1981):
The question of the sufficiency of the information was before the trial court, having been raised' by the appellees in their motions to dismiss. We believe the court should have granted the motions on this ground. We disapprove of the court’s ruling that section 517.301(l)(c) is unconstitutional.
It is a generally recognized principle that a court should not pass upon a constitutional question and invalidate a statute unless such action is necessary to dispose of the case. In re Estate of Sale, 227 So.2d 199 (Fla.1969). With the foregoing rule of criminal procedure available to it, the trial court — had it felt compelled to do so — could have concluded the information to be vague in violation thereof. That is precisely what the trial court did in State v. Cardinal, 429 So.2d 747 (Fla. 4th DCA 1983), enabling the circuit court to review the trial court’s order.
Second, in State v. Cardinal, we were called upon to determine whether an identical information filed pursuant to the statute should have been dismissed because of vagueness. We have this date issued the court’s decision in that case, holding the information to be sufficient. Accordingly, we reverse the trial court’s order and remand for further proceedings consistent herewith.
ANSTEAD and HERSEY, JJ., concur.

. Section 860.01(1) provided:
It is unlawful for any person, while in an intoxicated condition or under the influence of intoxicating liquor, model glue, as defined in s. 877.11, or any substance controlled under chapter 893 to such extent as to deprive him of full possession of his normal faculties, to drive or operate over the highways, streets, or thoroughfares of Florida any automobile, truck, motorcycle, or other vehicle. Any person convicted of a violation of this section shall be punished as provided in s. 316.193.

. Section 26.012(1) provides:
Circuit courts shall have jurisdiction of appeals from county courts except appeals of county court orders or judgments declaring invalid a state statute or a provision of the State Constitution.

.Florida Rule of Criminal Procedure 3.140(o) provides:
No indictment or information, or any count thereof, shall be dismissed or judgment arrested, or new trial granted on account of any defect in the form of the indictment or information or of misjoinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment or information is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.