ANSTEAD, Chief Judge.
This is an appeal from an order dismissing driver’s license suspension proceedings against the appellee, Adelheid De-marzo, after she was charged with driving under the influence of alcohol and refused to take a breathalyzer test. In its order of April 11, 1983, the county court found that Sections 316.1932(l)(e) & (f), Florida Statutes (1981), violated provisions of the Florida Constitution which provide that only the Florida Supreme Court can promulgate court rules of practice and procedure.[1]
The statutory scheme the court invalidated is now contained in Sections 322.261(2), (3) & (4), Florida Statutes (Supp.1982).[2] Specifically the court found that those provisions mandating suspension of a defend *853 ant’s license when a court continuance requested by the defendant delays the hearing on the suspension beyond the statutory prescribed time constituted an unlawful encroachment upon the judicial rule-making authority. § 322.261(4).
Appellee argues that the rule in question affects the discretion of the court to grant a continuance, an innately procedural device to facilitate the disposition of cases in a proper manner. In our view, however, Section 322.261(4) does not attempt to deny to the courts power to grant a continuance; it merely limits the privileges of the defendant once such a continuance is sought and granted. In the present case Section 322.261(4) does not preclude nor require that the court grant a continuance. Rather, the statute imposes a twenty (20) day limit on the amount of time which a person who has refused to take a breath test can continue a case and retain their full driving privileges. The appellee’s real complaint is that if she chose to seek a continuance then her license would be suspended if the continuance went beyond the twenty (20) day limit set forth in the statute.[3]
Here, the state contends that the obvious purpose of the statute is not to penalize the appellee; rather, the purpose is to preclude an end run around the statute; that is, delaying the hearing indeterminably while allowing the driver who refuses to take a breath test back onto the public highways. We tend to agree. It is clear that there is a compelling state interest in highway safety that justifies the legislature in allowing suspension of a driver’s license for failure to take a breathalyzer or blood alcohol test. State v. Bender, 382 So.2d 697 (Fla.1980). Since the legislature is attempting to provide maximum safety for all persons who use the public highways, and it is undisputed that this is a valid pursuit, we must allow the legislature a great degree of latitude in prescribing a course to insure such safety. Stewart v. DeLand-Lake Helen Special Road & Bridge District in Volusia County, 71 Fla. 158, 71 So. 42 (1916). Further, the Florida Supreme Court has held that a driver’s license is a privilege, subject to proper regulations and, on proper showing in accord with prevailing statutes, such a license may be revoked. Smith v. City of Gainesville, 93 So.2d 105 (Fla.1957). When that factor is considered together with the expressed legislative intent to “provide maximum safety for all persons who travel or otherwise use the public highways of the state,” Section 322.263(1), Florida Statutes (Supp.1982), the statutory scheme appears reasonable. In fact, the legislative scheme appears designed to balance the rights of the defendant and the safety interests of the state, by giving the defendant a prompt opportunity for a hearing in order to avoid the loss of his driving privileges. The decision to seek a continuance may leave the defendant with a difficult choice, but that, in our view, does not render the statute unconstitutional. See, e.g., South Dakota v. Neville, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983).
The appellee also contends that in denying the defendant the same privilege it offers the state (namely a continuance without the loss of a valuable privilege), the statute violates the equal protection clause. The equal protection clause requires that persons or classes in like circumstances be treated alike. In our view, this statute does not involve classifications; rather, the statute applies to all defendants who refuse a breath test. Accordingly, an equal protection argument is not appropri *854 ate. In any event, a reasonable basis for the distinction would be that of preventing parties in Demarzo’s situation from delaying the hearing for excessive periods while being able to return to the public streets.
The state also contests the trial court’s finding that the provisions of the statute are violative of the defendant’s due process rights because they limit the time within which the defendant can take discovery of the state’s evidence. In this case there has been no attempt made to demonstrate that appellee was actually handicapped in her discovery. Absent such a showing we do not believe that the issue is ripe for determination. Suffice it to say that in our view, the statute is not facially deficient on this score.
The trial court also held that the State Attorney was not the proper party to provide legal representation in the hearing since the Department of Motor Vehicles was the real party in interest. Although the statutory scheme does not specifically indicate who should provide legal representation in the hearing, it does provide that the proceedings be in the “court having trial jurisdiction of the offense for which he stands charged” and that notice of the proceedings be furnished to the state attorney. § 322.261(3). In addition, Section 27.02, Florida Statutes (1981), provides that the state attorney represent the state in all proceedings in the county court, the trial court involved. We think this is sufficient authorization for the state attorney to act here. Regardless of that, we do not believe the issue of representation would be a proper ground to invalidate the statute.
We conclude that the lower court erred in declaring Sections 316.1932(l)(e) & (f), Florida Statutes (1981), unconstitutional. Accordingly, this cause is reversed and remanded for further proceedings consistent herewith.
GLICKSTEIN and WALDEN, JJ., concur.

. We have jurisdiction of an appeal from a county court order invalidating a state statute. See State v. Block, 428 So.2d 782 (Fla. 4th DCA 1983).

. 322.261 Suspension of license for refusal to submit to test for impairment or intoxication.—

(2) The department shall immediately send notification to such person, in writing by certified mail to his last known address furnished to the department, of the action taken and of his right to petition for hearing as hereinafter provided and to be represented at the hearing by legal counsel. Such mailing by the department will constitute notification as required by this section, and any failure by the person to receive such notification will not affect or stay such suspension order.
(3) Upon his petition in writing, a copy of which he shall forward to the department, being filed within 10 days from the date of receipt of the notice, directed to the court having trial jurisdiction of the offense for which he stands charged, such person shall be afforded an opportunity for a hearing at a time to be set by the court, which hearing date shall be within 20 days of the filing of the petition with the court. It shall be the responsibility of the clerk of the court to schedule the hearing and to give proper notice to the petitioner and to the state attorney. If the person fails to appear for the hearing, the clerk of the court shall immediately notify the department, which shall suspend the person's license for a period of 3 months, or a period of 6 months if the driving privilege of such person have been previously suspended for a refusal to submit to such test or tests. For the purposes of this section, the question of whether such person lawfully refused to take a chemical test or tests, as provided for by this law, and the issues determinative shall be:
(a) Whether the arresting law enforcement officer had reasonable cause to believe that the person had been driving or had been in actual physical control of a motor vehicle in this state while under the influence of alcoholic beverages or controlled substances;
(b) Whether the person was placed under lawful arrest;
(c) Whether the person refused to submit to any such test after being requested to do so by a law enforcement officer; and
(d) Whether the person had been told that, if he refused to submit to such test, his privilege to operate a motor vehicle would be suspended for a period of 3 months, or for a period of 6 months if his driving privilege had been previously suspended for a refusal to submit to such test.
(4)A petition for a hearing, as provided in subsection (3), filed by the affected person within 10 days of receiving notice of the action of the department shall operate to stay the suspension of the department for the period provided for the hearing. If the trial court fails to afford the hearing within such time, the suspension shall not take place until the person has been granted such hearing. If *853 within the prescribed hearing period the person affected requests a continuance of the hearing to a date beyond the expiration of the prescribed hearing period, the suspension shall become effective on the day immediately following the prescribed period or immediately upon receipt of notice by the court that the request for continuance has been granted, whichever is the later. In every event, the court shall forthwith rule on the question herein prescribed and forward a copy of its decision to the department.

. The defendant did not actually seek a continuance in the trial court so we are not presented with any issue as to the validity of the statute as applied to a particular situation.