PER CURIAM.
As a result of an appeal by the state from an order dismissing a petition for adjudication of delinquency, this court issued an opinion on August 21, 1985, 474 So.2d 408, reversing the dismissal and remanding for further proceedings. Neither party filed a motion for rehearing and the mandate was issued on September 6, 1985.
Now counsel for the juvenile/appel-lee has filed a motion to recall the mandate and dismiss the appeal for lack of jurisdiction. The motion is based on the Florida Supreme Court’s recent decisions in State v. C.C., 476 So.2d 144 (Fla.1985), and State v. G.P., 476 So.2d 1272 (Fla.1985), which hold that the right of appeal given in section 39.14, Florida Statutes (1981), does not extend to the state and, further, that the state may not utilize certiorari as an alternate avenue for appellate review. Thus, counsel asserts that we lacked jurisdiction to entertain the state’s appeal and that the appropriate remedy is to recall the mandate and dismiss the appeal. We are constrained to agree.
An appellate court has the power to recall its mandate so long as the recall occurs during the term in which the mandate was issued. See State Farm Mutual Automobile Insurance Co. v. Judges of the District Court of Appeal, Fifth District, 405 So.2d 980 (Fla.1981); Chapman v. St. Stephens Protestant Episcopal Church, 105 Fla. 683, 138 So. 630 (1932); Owens v. State, 444 So.2d 951 (Fla.2d DCA 1984), approved, 475 So.2d 1238 (Fla.1985); United Faculty of Florida v. Board of Regents, 423 So.2d 429 (Fla.1st DCA 1982).
Section 35.10, Florida Statutes (1983), specifies that “[t]he district court of appeal shall hold two regular terms each year ... commencing respectively on the second Tuesday in January and July.” Inasmuch as the opinion and mandate in this case were both issued in the July 1985 term and since the motion to recall the mandate was filed during the same term, we have the power to recall the mandate. Lack of jurisdiction to entertain the state’s appeal in the first instance more than justifies the exercise of our discretionary power to recall the mandate. Thus, we recall the mandate and withdraw our opinion of August 21, 1985. Furthermore, in conformance with: State v. C.C., supra, and State v. G.P., supra, we grant the appellee/juve-nile’s motion to dismiss the appeal.
GLICKSTEIN, HURLEY and WALDEN, JJ., concur.