# KORTE v STATE OF FLORIDA
## Case No. 47844-MM
County Court, Volusia County

November 6, 1985

### APPEARANCES OF COUNSEL

**Flem K. Whited, III** for petitioner.
**Marc Burnham,** Assistant State Attorney, for respondent.

### OPINION OF THE COURT

DARREL CARNELL, County Judge.

Having reasonable cause to believe that petitioner was operating his automobile while under the influence of an alcoholic beverage, Sgt. Allen Espy, a law enforcement officer of the City of Holly Hill, placed petitioner under lawful arrest for that offense. Sgt. Epsy related the circumstances of the case to officer Elliott Anderson, the operator of Holly Hill's approved breath testing device, who then advised the petitioner of the provisions of Florida's implied consent law and asked the petitioner to submit to an approved breath test. Upon the petitioner's refusal to submit to such test, Sgt. Espy completed and mailed to the Department of Highway Safety and Motor Vehicles form HSMV

72054 as provided for in Fla. Stat. 322.261(1). The Department notified the petitioner of its intention to suspend petitioner's driving privilege as provided in Fla. Stat. 322.261(2) and the petitioner thereafter petitioned this Court for a hearing as provided in Fla. Stat. 322.261(3).

The pertinent portions of Fla. Stat. 322.261 provide:

"322.261 Suspension of license for refusal to submit to breath, urine, or blood test for impairment.—

"(1) If any person refuses an officer's request to submit to any breath, urine, or blood test provided in s. 316.1932, the department, upon receipt of the officer's sworn statement that he had reasonable cause to believe such person had been driving or had been in actual physical control of a motor vehicle within this state while under the influence of alcoholic beverages or controlled sub- stances and that the person had refused to submit to such test or tests after being requested by the officer, shall suspend his privilege to operate a motor vehicle for a period of 6 months. If the driving privilege of such person has been previously suspended for refusing to submit to such test or tests, the department shall suspend his privilege to operate a motor vehicle for a period of 1 year. No suspension shall become effective until 10 days after the giving of written notice thereof, as provided for in subsection (2).

"(2) The department shall immediately send notification to such person, in writing by certified mail to his last known address furnished to the department, of the action taken and of his right to petition for hearing as hereinafter provided and be represented at the hearing by legal counsel. Such mailing by the department will constitute notification as required by this section, and any failure by the person to receive such notification will not affect or stay such suspension order.

"(3) Upon his petition in writing (a copy of which he shall forward to the department) being filed within 10 days from the date of receipt of the notice, directed to the court having trial jurisdiction of the offense for which he stands charged, such person shall be afforded an opportunity for a hearing at a time to be set by the court, which hearing shall be within 20 days of the filing of the petition with the court. . . . . For the purposes of this section, the question of whether such person lawfully refused to take a chemical test or tests, as provided for by this law, and the issues determinative shall be:

"(a) Whether the arresting law enforcement officer had reasonable cause to believe that the person had been driving or had been in

actual physical control of a motor vehicle in this state while under the influence of alcoholic beverages or chemical substances as set forth in s. 877.111, or controlled substances;

"(b) In the case of a breath or urine test, whether the person was placed under lawful arrest;

"(c) Whether the person refused to submit to any such test after being requested to do so by a law enforcement officer; and

"(d) Whether the person had been told that, if he refused to submit to such test, his privilege to operate a motor vehicle would be suspended for a period of 6 months, or for a period of 1 year if his driving privilege had been previously suspended for a refusal to submit to such test."

At the hearing, Sgt. Espy testified that he observed the petitioner's erratic driving, detected the odor of an alcoholic beverage on or about his person and observed his difficulty in maintaining his balance. Sgt. Espy concluded that there was probable cause to place the petitioner under arrest for DUIL, and he thereupon did so. Officer Anderson testified that he explained Florida's implied consent law to the petitioner, and although the petitioner was told that his privilege to drive would be suspended for designated times if he refused to submit to an approved breath test, petitioner nevertheless refused to submit to such test.

The court finds that all four of the elements required under Fla. Stat. 322.261(3) to affirm the suspension of petitioner's driving privilege have been clearly established.

Petitioner points to both Fla. Stat. 322.261(1) and to form HSMV 72054 as filed in this case and argues that each of the elements cited in Fla. Stat. 322.261(3), above, must be proved by a single law enforcement officer, rather than by two or more. Petitioner places great emphasis upon the following underscored words of subsection (1) of the statute:

"(1) If any person refuses an officer's request to submit to any breath, urine, or blood test provided in s. 316.1932, the department (of Highway Safety and Motor Vehicles), upon receipt of *the officer's* sworn statement that *he* had reasonable cause to believe such person had been driving or had been in actual physical control of a motor vehicle within this state while under the influence of alcoholic beverages and that the person had refused to submit to such test or tests after being requested by *the officer*, shall suspend his privilege to operate a motor vehicle for a period of 6 months. . . ."

Petitioner places equal emphasis upon the following underscored words of form HSMV 72054 signed by Sgt. Espy:

"That *I did have reasonable cause* to believe the person had been driving, or had been in actual physical control of a motor vehicle within this state while under the influence of alcoholic beverages or controlled substances, that *I did place the person under lawful arrest.*

"That at that time and place *I did request said person to submit to a breath*, urine, or blood test to determine the content of alcohol in his blood or the presence of controlled substances therein. *I did inform said person* that his refusal to submit to such test or tests will result in the suspension of his privilege to operate a motor vehicle for a period of 6 months for a first refusal, or for a period of 12 months if the driving privilege of such person had been suspended previously for refusing to submit to such test or tests.

"Said person did at that time and place refuse to submit to such test or tests."

Petitioner argues that since it was Officer Anderson, rather than Sgt. Espy, who informed petitioner of the consequences of petitioner's failure to submit to a breath test, Sgt. Espy's affidavit is false, and these proceedings should therefore be dismissed. Alternatively, petitioner argues that the underscored language of both the statute and the affidavit require the state to prove its entire case by a single law enforcement officer.

Suspension of a driver's license under circumstances similar to those involved herein is administrative, rather than penal, in nature. *Smith v. City of Gainesville*, Fla., 93 So.2d 105. It is the compelling state interest in highway safety that justifies the suspension of a driver's license for his failure to submit to an approved test to determine his blood alcohol level. *State v. Bender*, Fla. 382 So.2d 697. The legislative scheme set forth in Fla. Stat. 322.261 is designed to balance both the rights of the petitioner and the safety interests of the state by giving the petitioner a prompt opportunity for a hearing in order to avoid the loss of his driving privileges. *State v. Demarzo*, Fla. App. 453 So.2d 850.

To give to Fla. Stat. 322.261(1) the interpretation urged by petitioner would defeat the obvious Legislative intent and lead to an absurd and unreasonable result. This court must avoid such interpretation of a statute as would produce unreasonable results. *State v. Miller*, Fla. App., 468 So.2d 1051. Sgt. Espy's affidavit is merely the document which triggers the right of the petitioner to the hearing provided for in

36

Sec. 322.261(3), and it is that statute which notifies the petitioner of the elements which must be proved before his license can be suspended. Compare *Layman v. State*, Fla. App., 455 So.2d 607.

This court thus concludes that although the required warnings were given by, and the refusal to submit to an approved chemical test was directed to, the test operator rather than the arresting officer who completed the affidavit, both the test operator and the arresting officer were law enforcement officers, and it is immaterial that the affidavit was signed by one, rather than the other, of the officers. See *State v. Messiter*, Case No. 3585-LE decided by this court July 9, 1985.

Upon consideration thereof, it is ORDERED AND ADJUDGED that the suspension of the petitioner's driving privilege by the Department of Highway Safety and Motor Vehicles is hereby affirmed, to become effective 12:01 a.m. on November 7, 1985.