483 So.2d 829 (1986)
John MAFFEA, Petitioner,
v.
The Honorable LeRoy MOE, Circuit Court Judge of the 17TH Judicial Circuit, in and for Broward County, Respondent.
No. 85-2451.
District Court of Appeal of Florida, Fourth District.
February 26, 1986.
Dennis J. Cary of Maurice Graham, P.A., Ft. Lauderdale, for petitioner.
Jim Smith, Atty. Gen., Tallahassee and Joan Fowler Rossin, Asst. Atty. Gen., West Palm Beach, for respondent.
*830 GLICKSTEIN, Judge.
This is a petition for writ of mandamus of a defendant who was appellee in an appeal by the state to the circuit court from dismissal of the information against him in the county court. Petitioner seeks an order to the circuit court to vacate all of its orders issued subsequent to its dismissal of the state's appeal. We deny the petition and find the trial court had jurisdiction to enter the subject orders.
Petitioner was charged with driving while intoxicated. On the date set for trial the county court heard his motion to dismiss, and granted it. According to the order granting his motion to dismiss the information against him, the information was fatally defective because it failed to identify the intoxicant, use of which resulted in his intoxication while driving. The state filed an appeal on the date the written order was issued, December 21, 1982. There were stipulations concerning the potential impact on the case of the expected opinion of this court in State v. Block (eventually published at 428 So.2d 782 (Fla. 4th DCA 1983)). It was understood between the attorneys that briefs would not be filed until appellee's counsel could review the state's brief in the Block appeal, and later it was agreed to hold off on this appeal pending the outcome in Block.
On April 29, 1983, the state attorney notified appellee's counsel the Block decision had been rendered, and asked that counsel advise on the most expedient course to follow. Appellee's counsel failed to answer; and on December 22, 1983, and, much later, on January 31, 1985, the state made written inquiry of appellee's counsel as to how the parties ought to proceed as to the appeal.
On February 13, 1985, the clerk of the circuit court noticed the state that it had not filed its initial brief; and that if it did not take appropriate action within twenty days the appeal would be dismissed. No brief having been filed, on March 11, 1985, the circuit court dismissed the appeal for lack of prosecution.
On April 13, 1985, the state moved for reconsideration of the order dismissing the appeal. On May 30, 1985, the circuit court granted the motion and reinstated the appeal.
On June 28, 1985, the state filed its initial brief. On July 16, 1985, petitioner filed a motion to dismiss the appeal and his answer brief. On July 19, 1985, the state filed its response to petitioner's motion to dismiss. On July 24, 1985 (order is misdated July 24, 1984), the circuit court rendered its opinion, reversing the county court's dismissal of the information, in reliance upon this court's opinions in Block and State v. Cardinal, 429 So.2d 747 (Fla. 4th DCA 1983). The circuit court issued its mandate on September 20, 1985. Petitioner's motion to dismiss was heard October 24, 1985, and the circuit court denied the motion, leading to the present petition.
The issue is whether the circuit court should be ordered to vacate all of its orders subsequent to its dismissal of the state's appeal of the county court's dismissal of this criminal case, as the circuit court lacked jurisdiction to reinstate the appeal. We conclude it should not.
Petitioner bases his petition on the following arguments: (1) The state had fifteen days after dismissal of its appeal, under Florida Rule of Appellate Procedure 9.330(a), to move for rehearing, but failed to do so. (2) The circuit court's dismissal took place on March 11, 1985. Its term ended on the same date. The state's motion to reinstate the appeal occurred thirty-two days later, at which point in time the circuit court no longer had jurisdiction.
Respondent's arguments are as follows: (1) Petitioner has failed to supply this court with sufficient of the record for this court to determine whether there was error, Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla. 1979); Brice v. State, 419 So.2d 749 (Fla. 2d DCA 1982). (2) Petitioner speaks of the dismissal of the state's appeal as a mandate, but there was no mandate, only an order dismissing the appeal. There is no time limit for filing a motion for reconsideration of an order dismissing *831 an appeal. A dismissed appeal may be reinstated for good cause shown, Mitchell v. State, 294 So.2d 395, 397 (Fla. 1st DCA 1974). Here, the good cause was the state attorney's seeking an agreement with petitioner's counsel on how the parties should proceed. (3) Petitioner waived any objection to reinstatement of the appeal by counsel attending the hearing on the motion to reconsider the dismissal order, without raising such objection.
The key issue is whether the circuit court had jurisdiction to reinstate the appeal when it did. If it did not, it does not matter if this court is shown the transcripts of hearings or if petitioner's counsel waived objection, there being no way for this court, the circuit court or the parties to create jurisdiction where it does not exist. If it did, then mandamus should not be granted. Absence of an adequate record on appeal to show whether there was good cause is of no concern, as petitioner's attack on the reinstatement is not based on the merits. We must accordingly examine authorities to determine whether jurisdiction existed.
It is evident an appellate court's power to recall its mandate is limited to the term during which the mandate was issued. E.g., State Farm Mutual Automobile Insurance Company v. Judges of District Court of Appeal, Fifth District, 405 So.2d 980, 982-83 (Fla. 1981). Is this also true of other final orders issued by an appellate court, and, specifically, an order dismissing an appeal? Case law is meager, but it is not true of all final orders. Also, does Florida Rule of Appellate Procedure 9.330 make the stated time limit for rehearing jurisdictional? We hold it does not.
We shall deal with the second question first. There are a number of cases in which motions for rehearing, filed beyond the time stated in the appellate rule, were stricken as untimely; yet the appellate court sua sponte reconsidered its decision. E.g., Jerry v. State, 174 So.2d 772 (Fla. 2d DCA 1965). This suggests the time limit, stated in the rule, for moving for rehearing, is not jurisdictional. The indication in the rule that the court may set a different time limit suggests the same thing.[1]
Bretti v. Wainwright, 225 So.2d 516 (Fla. 1969), said that appellate courts have the jurisdiction and inherent discretion to dismiss appeals and refuse their reinstatement for appellant's failure to prosecute the appeal. Absent law to the contrary, it can be reasonably inferred that appellate courts also have the discretion to reinstate such appeals. There is case law also that speaks of reinstatement of criminal defendants' appeals for good cause. E.g., Mitchell v. State; see also Chambers v. State, 391 So.2d 352 (Fla. 5th DCA 1980). The cases of this genre seem to treat the power of the appellate court to reinstate such an appeal as unaffected by time limits.[2]
*832 There appears to be no Florida case law directly on point. This may be because here the District Courts of Appeal are the appellate workhorses; they are for the most part the courts of last resort, not intermediate courts of appeal; and they handle dismissals for failure to prosecute by order rather than opinion. There seems to be no doubt, however, that appeals dismissed for failure to prosecute have occasionally been reinstated in Florida District Courts without regard to an intervening end of term.[3]
Although explicit law on the subject appears to be lacking, we hold that the end of the term does not terminate the appellate court's power to reinstate for good cause an appeal it has dismissed for lack of prosecution. This is not to say the reinstatement may occur at any time, without limit. Logically, the time limit may be derived from that in Florida Rule of Civil Procedure 1.540(b); or the courts may apply the laches principle, as the United States Supreme Court did in Johnson v. Wilkins, 118 U.S. 228, 6 S.Ct. 1048, 30 L.Ed. 210 (1886) (Reinstatement motion would be denied because appellants took no notice for longer than three months after entry of dismissal order).
HERSEY, C.J., concurs.
ANSTEAD, J., dissents without opinion.
NOTES
[1] There is also case law stating that after final judgment has been rendered and the time for reconsideration has passed, although the jurisdiction of the court is exhausted, the court can take no further proceedings in the case other than to enforce the judgment, "or, in a proper case, for its correction or vacation." Davidson v. Stringer, 109 Fla. 238, 239, 147 So. 228, 229 (1933). It is not stated what is meant by a proper case. We also know that while a trial court is divested of its jurisdiction when the case has been voluntarily dismissed, e.g., Miller v. Fortune Insurance Company, 453 So.2d 489 (Fla. 2d DCA 1984), there appears to be an exception where the voluntary dismissal was entered as a result of mistake, inadvertence or excusable neglect, Shampaine Industries, Inc. v. South Broward Hospital District, 411 So.2d 364 (Fla. 4th DCA 1982). These cases pertained to trial courts.
[2] The following excerpt from the case of State ex rel. Davis v. Baggett, 73 Fla. 36, 37, 74 So. 16, 16 (Fla. 1917), is helpful although no issue of the timeliness of the request to reinstate was involved:

The matter of reinstating a case which has been dismissed for failure of plaintiff in error or appellant to file his brief within the time required by the rules of this court is addressed to the sound discretion of the court, and in the exercise of such discretion it will be influenced, to some extent, by the nature of the case and the remedy sought by the appeal.
Baggett was an appeal ot the Florida Supreme Court from a trial court's refusal to grant a writ of mandamus to alter the date for a county election. We can think of no reason why the same principle should not apply when the appeal is to the circuit court, appellant is the state, and the subject of the appeal is dismissal of an information. Of course, as the last clause of the Baggett quotation implies, what falls within the sound discretion of the court may be quite different in this type of appeal from what may be proper in another type of appeal. However, the present petition is based entirely on the issue of whether the appellate court had jurisdiction to reinstate the appeal. The merits of such reinstatement have not been attacked, nor do we have the portions of the record we would need to review such an issue.
[3] There are cases in which filing of a new appeal on the same matter, after dismissal of a former one, has been likened to reinstatement of the former appeal. The ancient case of Harris v. Ferris, 18 Fla. 81 (1881), is helpful. There an earlier appeal had been dismissed for failure to file a transcript of the trial record. The appellant filed a second appeal within the time limit for appeal. The appellee moved to dismiss, arguing the trial court's judgment had been affirmed by the former appeal's dismissal. The Court dismissed appellee's motion, saying a second appeal would be allowed where an appeal was dismissed for an irregularity or want of prosecution but the appellate court had not determined the merits. There are old cases in several other states with similar results. E.g., Sanders v. Moore, 52 Ark. 376, 12 S.W. 783 (1889); Helm v. Boone, 29 Ky. (6 J.J. Marsh) 351 (1831); Marshall v. Milwaukee & St. Paul Railroad, 20 Wis. 644 (1866). There are, on the other hand, cases in some jurisdictions where a second appeal was not permitted when a former appeal had been dismissed for want of prosecution. In Karth v. Light, 15 Cal. 324 (1860), the holding tends to support petitioner's assertion here; the California court said that while the dismissal of an appeal would not operate as a bar to a second appeal where the dismissal was for a technical defect, a second appeal would be barred where the dismissal was for want of prosecution and the order was not vacated during the same term. Reinstatement of an appeal was not permitted in People ex rel. Waite v. Bristow, 391 Ill. 101, 62 N.E.2d 545 (1945), where appellant took a voluntary dismissal without prejudice, and did not seek reinstatement until the following term. The Illinois court said the appellate court's power to act in the cause expired with the term in which the dismissal order had been entered. It may be reasoned that Bristow is distinguished by its involving a voluntary dismissal.