WIGGINTON, Judge.
Dennis Solomon brings this appeal from the trial court’s “Order on Implied Consent Hearing,” suspending Solomon’s driving privileges pursuant to the provisions of sections 316.1932 and 322.261, Florida Statutes (1987). Solomon argues that the trial court erred in denying his petition to be relieved of the suspension of his driver’s license under section 322.261 on the basis that he had refused to take the intoxilyzer test due to a broken nose. We affirm.
Appellant was arrested on June 27, 1987, and charged with the offense of driving while intoxicated after having failed a field *932 sobriety test. He was transported to jail at which time he was to be given an intoxilyzer test. It was Solomon’s contention that he was “roughed up” by the police officers resulting in his receiving a broken nose. Although it is undisputed that appellant did receive a broken nose sometime while he was at the station house, the testimony is conflicting as to whether his nose was broken prior to his being given the test or after he refused the test. Solomon maintains that his nose was broken prior to the test and for that reason he had refused to take the test, instead desiring to go to the hospital.
Although appellant was initially charged with a misdemeanor offense of violation of section 316.193, Florida Statutes, driving while under the influence, he was ultimately recharged with a third degree felony violation of said section on the basis that on three or more occasions he had been convicted of DUI or other substantially similar offenses under section 316.193. Following a jury trial, appellant was acquitted of the charge on March 24, 1988.
Earlier, however, on June 29, 1987, two days following his arrest, Solomon’s attorney filed a petition pursuant to section 322.261 to be relieved from the automatic suspension of his license for refusal to take the intoxilyzer test. As grounds therefor, Solomon alleged that he was “leery of having anything to do with any police officer,” after having been roughed up while in the cell prior to being asked to take the test. Much later, on March 29, 1988, four days following appellant’s acquittal by the jury, a trial court entered its “Order on Implied Consent Hearing” adjudging that the provisions of section 316.1932 and 322.261 “have been sustained in that [Solomon’s] driving privileges are suspended.”
Solomon’s position on appeal is that, from its verdict, the jury obviously concluded that his nose was broken prior to his refusal to take the test and that the test could not have been fair and impartial once his nose had been broken, and therefore, his refusal was justified. In that respect, the trial court’s signing of the form order sustaining the suspension of his driver’s license is contrary to the verdict and is a denial of due process. Solomon maintains that the court should have been bound by the factual determinations of the jury implicit in their verdict. We disagree.
Section 322.261(1) provides that a person’s privilege to operate a motor vehicle shall be suspended for a period of one year if that person refused to consent to an officer’s request to submit to any breath, urine, or blood test provided in section 316.-1932. In that section, the Department of Motor Vehicles shall suspend the person’s driving privileges “upon receipt of the officer’s sworn statement that he had reasonable cause to believe the person had been driving or had been in actual physical control of the motor vehicle within this state while under the influence of alcoholic beverages or controlled substances and that the person had refused to submit to the test or tests after being requested to do so by the officer....” The affected person, upon receiving notice from the department that his license has been suspended, has a right to petition for hearing before the court having trial jurisdiction of the offense for which the person stands charged. Section 322.261(3), Fla.Stat. Section 322.-261(5) provides that the person’s driving privilege shall be suspended merely upon the court’s determination “that the suspension ... is according to law_” In its discretion, however, the court may issue an order of reinstatement.
For purposes of the resolution of the instant point on appeal, we note that section 322.261(3) sets forth four issues determinative of the question of whether a person lawfully refused to take a chemical test or tests as provided for by that section. Those issues are:
a) Whether the arresting law enforcement officer had reasonable cause to believe that the person had been driving or had been in actual physical control of a motor vehicle .in this state while under the influence of alcoholic beverages, *933 chemical substances as set forth in s. 877.111, or controlled substances;
b) in the case of a breath or urine test, whether the person was placed under lawful arrest;
c) whether the person refused to submit to any such test after being requested to do so by a law enforcement officer; and
d) whether the person had been told that, if he refused to submit to such test, his privilege to operate a motor vehicle would be suspended for a period of 1 year, or for a period of 18 months if his driving privilege had been previously suspended for a refusal to submit to such test.
From the foregoing, it is clear that the statutory reasons justifying refusal to take the breathalyzer test do not include a broken nose. In the instant case, the trial court was entitled, and properly did, conclude that the suspension was according to law, and it did not abuse its discretion in failing to order reinstatement.
Although Solomon may feel that the result in this case is unfair in light of his acquittal, considering the above criteria, it is obvious that the jury’s verdict, whatever its reasons therefor may be, is not a determinative factor. Moreover, in State v. Demarzo, 453 So.2d 850 (Fla. 4th DCA 1984), it was observed that “there is a compelling state interest in highway safety that justifies the legislature in allowing suspension of a driver’s license for failure to take a breathalyzer or blood alcohol test.” 453 So.2d at 853. The Demarzo court also noted the Florida Supreme Court’s position “that a driver’s license is a privilege, subject to proper regulations and, on proper showing in accord with prevailing statutes, such a license may be revoked.” Id., citing Smith v. City of Gainesville, 93 So.2d 105 (Fla.1957). The obvious intent of the statute is to preclude an “end run” around it by allowing the driver to refuse to take the test, thereby allowing him to return to the public highways and defeat the legislature’s attempt to provide maximum safety for all persons who use the public highways. Id.
Accordingly, the trial court’s order suspending Solomon’s driving privileges is AFFIRMED.
WENTWORTH and THOMPSON, JJ., concur.