802 So.2d 486 (2001)
PINECREST LAKES, INC. and Villas at Pinecrest Lakes Limited Partnership, Appellants,
v.
Karen SHIDEL, Appellee.
No. 4D99-2641.
District Court of Appeal of Florida, Fourth District.
December 26, 2001.
Rehearing Denied December 26, 2001.
*487 Elliot H. Scherker and Clifford A. Schulman of Greenberg Traurig, Miami, for appellants.
Richard J. Grosso, Environmental & Land Use Law Center, Inc., Fort Lauderdale, for appellee.

ON MOTIONS TO RECALL MANDATE AND FOR LEAVE TO FILE MOTION FOR CERTIFICATION
FARMER, J.
Our opinion in this case was filed and distributed to the parties on September 26, 2001. Having received no motion under rule 9.330 within fifteen days thereafter, we issued our mandate on October 12th. Five days later, however, new counsel appeared on behalf of appellants and filed motions to recall the mandate and for leave to file a motion for certification of a question of great public importance to the supreme court.[1] We write to explain our denial of these motions.
The motions explain that new counsel was retained on the day after our mandate was issued. Apart from that fact, the only grounds suggested for such relief are that this court has the power to recall its mandate during the term of court in which it was issued,[2] and that the 15 day time limit on filing motions under rule 9.330 is not jurisdictional. They say that such motions may be filed "within such other time set by the court."[3] The motions close by arguing:

*488 "The propriety of considering whether a decision of the magnitude of this Court's opinion in this case should be considered by the Florida Supreme Court as passing on a question of great public importance certainly warrants the exercise of this court's discretion to allow an out-of-time motion for certification. No significant, much less irreparable, prejudice will accrue to the appellee by the consideration of a motion for certification and the temporary withdrawal of the mandate to allow consideration of the motion."
That constitutes all of the reasons offered by appellants for withdrawing our mandate and for considering an untimely motion to certify to the Supreme Court a question of great importance.
Pinecrest cites State Farm Mutual Automobile Insurance Co. v. Judges of District Court of Appeal, Fifth District, 405 So.2d 980 (Fla.1981), Maffea v. Moe, 483 So.2d 829 (Fla. 4th DCA 1986), and State v. In Interest of D.I., 477 So.2d 71 (Fla. 4th DCA 1985). These three cases recognize that appellate courts have the discretion to recall a mandate, limited to the term during which the mandate was issued. State Farm, 405 So.2d at 982-83; Maffea, 483 So.2d at 831; Interest of D.I., 477 So.2d at 72. See also Thompson v. Singletary, 659 So.2d 435, 436 (Fla. 4th DCA 1995). But the issue we face is not whether we have the power to recall our mandatefor clearly we do, as here, within the same termbut whether Pinecrest has shown us a basis to exercise such discretion.
In Chapman v. St. Stephens Protestant Episcopal Church, 105 Fla. 683, 138 So. 630 (1932), the court offered a rationale for exercising discretion to recall a mandate:
"during the term at which a judgement of this court is rendered, this court has jurisdiction and power which it may exercise, as the circumstances and justice of the case may require, to reconsider, revise, reform, or modify its own judgments for the purpose of making the same accord with law and justice, and that it has the power to recall its own mandate for the purpose of enabling it to exercise such jurisdiction and power in a proper case." [e.s.]
105 Fla. at 697, 138 So. at 632. Pinecrest does not here argue that we should exercise discretion "to reconsider, revise, reform, or modify [our] own judgments for the purpose of making the same accord with law and justice." Instead it argues that we should do so to permit an untimely motion for certification simply because we have the authority to do so and because our decision is important.
Whether a Florida appellate court should exercise its power to recall a mandate purely for the purpose of enabling it to certify a question of great public importance to the Florida Supreme Court appears to be a question of first impression for this court. In a decision preceding the adoption of the current rules of appellate procedure, the First District held that after issuance of its mandate it no longer had jurisdiction to certify a decision as one of great public importance in order to provide *489 a basis for review in the Supreme Court. See Whitaker v. Jacksonville Expressway Auth., 131 So.2d 22, 23-24 (Fla. 1st DCA), cert. denied, 133 So.2d 319 (Fla. 1961). As the court explained:
"Inherent in every decision rendered by a District Court of Appeal is the implication, unless otherwise stated or contrary action taken, that it does not pass upon a question of great public interest....
"[W]e treat the pleading entitled `Motion to Certify Question' as a suggestion to certify the decision...as one that passes upon a question of great public interest. As the pleading was filed after expiration of the time allowed for the filing of a petition for rehearing, the decision has become final. The pleading therefore lacks the efficient purpose of timely inviting the attention of this court to whatever factors the pleader might have considered important to a determination by this court of whether it would certify the decision as one passing upon a question of great public interest."
131 So.2d at 23-24. In Simpson v. State, 505 So.2d 1378 (Fla. 1st DCA 1987), the court exercised its discretion to withdraw its mandate because its original opinion "indicated such lack of clarity in our reasoning and discussion that clarification by further opinion was required." 505 So.2d at 1380. No similar basis is urged in this case.
As the First District suggested in Whitaker, the time to request certification is properly during the court's principal consideration of the case, and certainly no later than within the time for rehearing. While rule 9.330 authorizes us to consider a motion beyond the regular 15-day period, such a request must be accompanied by a showing of good cause apart from the importance of the question sought to be certified. The rationale proposed by Pinecrest would seem to significantly enlarge the universe of cases in which withdrawal of a mandate for a tardy rehearing would be available. If the importance alone were reason enough to withdraw a mandate and belatedly enlarge the time for rule 9.330 motions, the right to such relief would often turn on highly subjective and speculative notions of importance and outcomes would be largely indeterminate.
The only "good cause" we are left with in this case is Pinecrest's claim that it retained new lawyers just after the time for rehearing had passed. That too seems an awfully slight reason to waive the deadline fixed by the rules and thus to undo the finality of our cases. If accepted generally it would seem to make diligence in exercising rule 9.330's remedies unnecessary and the recalling of mandates routine. It would also threaten to make post-opinion changes of counsel quite expected, for thus the time requirements of rule 9.330 would be avoided. We think that hardly serves the interests of justice.
Accordingly after due consideration we have decided to decline to exercise our discretion as requested. Therefore the motion to recall the mandate and the companion motion for leave to file a motion for certification of a question of great public importance to the supreme court are hereby
DENIED.
GUNTHER and GROSS, JJ., concur.
NOTES
[1] On November 1st, appellants filed a Notice To Invoke Discretionary Jurisdiction in the Supreme Court.
[2] See § 35.10, Fla. Stat. (2000) ("The district court of appeal shall hold two regular terms each year at its headquarters, commencing respectively on the second Tuesday in January and July.").

The concept of a "term of court" in the 21st century seems odd and anachronistic. It is a relic of an agrarian time when cases were fewer and courts did not sit continuously in session. It was also forced by the slow pace of travel in a large geographic district when the court moved from place to place within the district to hold court. We now sit throughout the year (except for August when we schedule no oral arguments) and easily travel within our district to hold court. It is no longer necessary to designate specific "terms of court" when everyone can expect that court will be held. It would therefore seem that it is long past time for the legislature to send this relic to history's museum as an oddity, like the powdered wig and the quill pen, tied to our beginnings. Today it seems that the only function of a term of court is to artificially limit our power to recall a mandate.
[3] See Fla. R.App. P. 9.330(a) ("A motion for rehearing, clarification, or certification may be filed within 15 days of an order or within such other time set by the court."). While it is true that we are empowered by rule 9.330(a) to set a different period for filing motions for rehearing, we almost always require parties to seek an enlargement of the rule's 15-day period before it has fully elapsed. Here no such enlargement was sought. See Fla. R. Civ. P. 1.090(b) ("When an act is required or allowed to be done at or within a specified time by order of court, by these rules, or by notice given thereunder, for cause shown the court at any time in its discretion ... (2) upon motion made and notice after the expiration of the specified period, may permit the act to be done when failure to act was the result of excusable neglect...."). Even if rule 1.090 were appropriate for us to apply, Pinecrest has not even attempted to make any showing of excusable neglect apart from the fact that new counsel was retained only after our mandate was issued.