[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-12464

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 21, 2009
THOMAS K. KAHN
CLERK

D.C. Docket No. 05-00208-CV-5-RS-EMT

PHILLIP VAN ZANT,

Petitioner-Appellant,

versus

FLORIDA PAROLE COMMISSION,
CHARLIE J. CRIST, JR.,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(January 21, 2009)

Before WILSON and COX, Circuit Judges, and ALBRITTON,* District Judge.

_____

* Honorable W. Harold Albritton, United States District Judge for the Middle District of
Alabama, sitting by designation.

PER CURIAM:

Appellant Phillip Van Zant appeals from the dismissal of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. The district court dismissed Van Zant's petition on the ground that it was untimely under the one year statute of limitations established by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2244(d)(1). Van Zant argued below that the one-year statute of limitations was tolled pursuant to 28 U.S.C. § 2244(d)(2).

This court granted a certificate of appealability ("COA") as to the issue of whether the district court erred in determining that Van Zant's 28 U.S.C. § 2254 petition challenging the revocation of his parole was time-barred under 28 U.S.C. § 2244(d)(1)(A). This court also appointed counsel for Van Zant, and heard oral argument.

After review of the record, briefs and oral argument, we vacate and remand for further proceedings.

## I. BACKGROUND

In 1979, Van Zant was sentenced in the Circuit Court of Leon County, Florida to life in prison. Van Zant was released on parole on January 19, 1999. In July 2000, Van Zant was charged with four counts of violating the conditions of his parole. Two counts were dismissed at the preliminary hearing, and the

preliminary hearing officer found probable cause for two of the counts, one of which charged Van Zant with making harassing phone calls to Virginia Johnston and the other charging that he repeatedly and maliciously followed or harassed Ms. Johnston. Van Zant's final parole revocation hearing began before the Florida Parole Commission on January 24, 2001, and was continued to June 28, 2001. Van Zant was found guilty of one count, the harassing phone calls charge, and the Florida Parole Commission revoked his parole on August 8, 2001.

Van Zant filed his first state habeas petition in the Circuit Court for Lafayette County, Florida, challenging his parole revocation, on September 5, 2001. It was denied on October 1, 2001, and a motion for rehearing was denied on November 2, 2001. Van Zant appealed the denial of his petition by filing a petition for writ of certiorari with Florida's First District Court of Appeal ("First DCA") on December 29, 2001. It was denied on October 3, 2002.

On March 6, 2002, while his petition for writ of certiorari was pending before the First DCA, Van Zant filed a petition for writ of mandamus in the state circuit court. This petition was dismissed on October 16, 2002, and Van Zant's motion for rehearing was denied on November 5, 2002. Van Zant appealed the dismissal of his petition for mandamus by filing a second petition for writ of certiorari with the First DCA on December 4, 2002. On July 8, 2003, the First

DCA denied that petition, and mandate issued on September 12, 2003.

Van Zant filed a second state petition for writ of habeas corpus on July 8, 2003. The state circuit court dismissed this petition as successive on January 8, 2004. Van Zant filed a motion for rehearing on January 27, 2004, which was denied on May 11, 2004. On June 10, 2004, Van Zant filed a third petition for writ of certiorari with the First DCA as an appeal of the dismissal of the second petition for habeas corpus relief. The First DCA dismissed the petition without explanation on July 30, 2004. Van Zant filed a motion for rehearing on August 16, 2004, and filed an amended motion for rehearing on September 29, 2004. The motion for rehearing was denied on November 5, 2004. The mandate issued for that decision on November 23, 2004.

Van Zant filed this § 2254 petition in the United States District Court for the Northern District of Florida on October 7, 2005. On April 20, 2007, the district court adopted a Report and Recommendation of the magistrate judge and dismissed the petition on the ground that it was untimely.

## II. STANDARD OF REVIEW

This court reviews *de novo* a district court's denial of a habeas corpus petition as untimely. *Chavers v. Sec'y, Fla. Dep't. of Corr.*, 468 F.3d 1273, 1274 (11th Cir. 2006) (per curiam).

4

## III. DISCUSSION

Although the revocation of Van Zant's parole is an administrative action, it is considered to be pursuant to a judgment of a state court, properly governed by 28 U.S.C. § 2241 and 28 U.S.C. §2254, subject to the one year statute of limitations found in 28 U.S.C. § 2244(d). *See Peoples v. Chatman*, 393 F.3d 1352, 1353 (11th Cir. 2004) (per curiam). Van Zant's federal petition was filed more than a year after the conclusion of the administrative action. Van Zant argues that tolling applies in this case so that his federal petition is timely.

AEDPA provides that the time in which a properly filed application for State post-conviction relief is pending is not counted toward any period of limitation. 28 U.S.C. § 2244(d)(2). An untimely motion for post-conviction relief, however, is not "properly filed" and does not toll the one-year limitations period. *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1316 (11th Cir. 2006).

Van Zant unquestionably had properly filed state filings which tolled the running of the AEDPA statute of limitation up until the time to appeal the dismissal of his second state court petition expired. The issue before this court, therefore, is whether Van Zant's third petition was properly filed so as to further toll the statute of limitations. The district court concluded that it was not.

The third petition was filed on June 10, 2004, more than 30 days after the

5

January 8, 2004 dismissal of the second petition. However, there was an intervening motion for rehearing of the dismissal of the second petition, filed on January 27, 2004, which Van Zant claims tolled the time limit for the filing of the third petition. Florida Rule of Appellate Procedure 9.330(a) requires such a motion for rehearing to be filed within "15 days of an order or within such time as set by the court." The state circuit court denied the motion for rehearing on May 11, 2004. Van Zant acknowledges that the motion for rehearing of the dismissal of the second petition was filed 19 days after the second petition was dismissed, which is outside of the 15 days allowed under Rule 9.330(a). Therefore, if this 15 day deadline is regularly followed, the motion for rehearing was not "properly filed," and did not toll the time limit for purposes of AEDPA, and that is what the district court found. Van Zant contends, however, that that timing rule is not firmly established and regularly followed, and so cannot render his untimely filing improperly filed.

A rule governing filings in state court must be firmly established and regularly followed before non-compliance with the rule will render a petition not properly filed for purposes of AEDPA's tolling provision. *Siebert v. Campbell*, 334 F.3d 1018, 1025 (11th Cir. 2003) (per curiam).

In *Pinecrest Lakes, Inc. v. Shidel*, 802 So. 2d 486, 488 n.3 (Fla. 4th Dist. Ct.

6

App. 2001), the Florida court explained the operation of Florida Rule of Appellate Procedure 9.330(a), as being that while the court is "empowered by rule 9.330(a) to set a different period for filing motions for rehearing, we *almost always* require parties to seek an enlargement of the rule's 15-day period before it has fully elapsed." (emphasis added).

The Florida Parole Commission urges this court to conclude, as did the district court, that an untimely motion for rehearing filed without having requested an extension of time before the 15-day period elapsed does not postpone rendition of the final order under Florida law; therefore, Van Zant's filing of the third petition after an untimely filing of the motion for rehearing is itself untimely. The *Pinecrest Lakes, Inc.* court's description of the timing requirement under Rule 9.330(a), however, indicates that a motion for rehearing which is untimely can be considered as timely at the discretion of the court. *Cf. Thompson v. Singletary*, 659 So. 2d 435, 437 (Fla. 4th Dist. Ct. App. 1995) (holding that because Rule 9.330(a) is not jurisdictional, court could consider an untimely motion for rehearing).

According to the *Pinecrest Lakes, Inc.* court, Florida courts may extend the time for motions for rehearing at their discretion, rather than applying the rule. Therefore, the district court's finding that the motion for rehearing was untimely,

7

and, therefore, not properly filed, was based on a rule that is not regularly followed. Accordingly, the failure to file the motion for rehearing within the time limit does not render Van Zant's motion improperly filed for purposes of the AEDPA. The statutory tolling ended when the third petition was finally denied by issuance of mandate on November 23, 2004. Thus, Van Zant's October 7, 2005 federal habeas petition was timely filed. *See Siebert*, 334 F.3d at 1025.

Van Zant also contends that he is actually innocent of the charge which was the basis for the revocation of his parole. Our review in habeas cases is generally limited to the issues specified in the COA, *see Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998) (per curiam), and the COA issued in this case does not refer to any claim of actual innocence by Van Zant. Therefore, we do not address the issue of actual innocence. *See Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004) (per curiam).

## IV. CONCLUSION

For the foregoing reasons, we VACATE the district court's order dismissing Van Zant's petition as untimely and REMAND for further proceedings consistent with this opinion.

VACATED AND REMANDED.